Judgment is affirmed.

---

OBADIAH D. HOXIE, Plaintiff in Error, v. WILLIAM HODGES, Defendant in Error.

*Error to Jackson.*

1.' Parol contemporaneous testimony is inadmissible to contradict or vary the terms of a valid written instrument.
2. This court must be guided by what appears on the face of the record.
3. A consideration being good as to one joint obligor, is good as to the others, and cannot be severed.

DEFENDANT in error, the plaintiff below, brought suit on the following note :

" For value received, I promise to pay to William Hodges the sum of six hundred and thirty dollars, twelve months from date.

|  |  |  |
|---|---|---|
| | (Signed,) | O. D. HOXIE, |
| October 25th, 1856. | | GEO. W. HOXIE." |

G. W. Hoxie made no defence, and judgment was rendered against him by default. O. D. Hoxie answered, and in sub-

stance alleged that he did not sign the note at the time of its execution and delivery by G. W. Hoxie, but some months afterwards, and then not as a principal but as a witness. To this answer there was a demurrer, and demurrer being overruled *pro forma*, the defendant in error, the plaintiff below, replied, traversing the allegation that the note was signed as a witness, and not as a principal. In this state of the pleadings the case was submitted to the court sitting as a jury. The plaintiff below offered the note in evidence and rested.

The defendant then offered the deposition of Charles S. Jones, to show that the note was signed as a witness and not as a maker. The note offered by the plaintiff being regular and fair upon its face, this evidence was rejected, on the ground that it would be admitting parol evidence to contradict a written instrument. There was a finding for the plaintiff below, and judgment thereon.

*Dowell*, for plaintiff in error.

*Reed*, for defendant in error.

STRATTON, J. Exception was taken to the rejection of the above deposition, and that is now assigned as the first error, and presents the main question in the case.

There is no principle of law better established, than that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. (1 *Greenleaf Ev.* 275.) It is not that an unwritten contract is less binding upon parties to it, in a legal point of view, than one which is reduced to writing; but such is the frailty of the memory of men—so liable are they to misapprehension, or honest mistake, without regarding the temptation to corrupt misstatements, where there is but a narrow chance of detection—the law gives preference to written instruments, as the better evidence of the intention and understanding of the parties.

All experience teaches, that when a contract is carefully

and deliberately reduced to writing, it forms the safest and best standard from which to judge of the intention of the parties. The general rule was not questioned on the argument, but it is said that this case does not fall within the rule.

Something has been said between counsel as to the actual appearance of the original note, and the position of the names thereto; but it is conceived that this court is to be guided only by what appears on the face of the records. A copy of the note is there set out, and it must be taken to be a true copy, in matter and form, for the purposes of our inquiry. The instrument upon its face is, in all respects, perfectly regular and fair; and it is admitted by Hoxie that he signed the note, not as a maker, but to attest the genuineness of the paper.

What would be the effect of the testimony if admitted? Not to deny the execution and delivery of the note at the time when, by its date, it purports to have been given; nor to impeach the original consideration; or to show a failure of consideration; or to taint the transaction with fraud in any manner. Either of these facts, if they existed, would have been a good defence. It is not to be doubted, that to admit this testimony would be to change wholly the character of this instrument, and the legal obligations of one of the parties thereto, while there is no ambiguity, nor room for doubt.

It is conceded that this case is fully within the principle laid down in *Hunt* v. *Adams*, 7 *Mass.* 518; *Stackpole* v. *Arnold*, 11 *Mass.* 27; *Dale* v. *Pope*, 4 *Littell*, 167; and *Cram, Rogers & Co.* v. *Wadsworth et al.*, decided at the last term of the Supreme Court of the late territory. But it is said there was no consideration as to O. D. Hoxie. To this it may be answered, that the obligation was joint as well as several, and if the consideration was good as to one obligor it would be good as to the other. Admitting O. D. Hoxie to be a joint maker, and he must be so regarded, the consideration and obligation cannot be severed.

An objection is also taken to the finding of the court, and

it is said that it is informal and insufficient. There was but one issue in the case : Did the plaintiff in error sign the note as principal or as a witness ? The court answered, by the verdict, " that he did not sign the note as a witness ;" therefore, he must have signed as maker ; and judgment was entered accordingly. The verdict is sufficient.

Judgment is affirmed.