Todd agt. Warner.

## CHENANGO COUNTY COURT.

CHARLES TODD, respondent, agt. STEPHEN WARNER, appellant.

*Improper evidence received to show the value of an article.*

A witness cannot give evidence of the market value of honey, generally, which he has never seen, but such as had been described by a former witness which he heard, without confining it to the quality thus described.

The most that could have been legitimately obtained from the witness would have been an answer to the hypothetical question: What was second and third-class honey worth per pound? The former witness having classified the honey as first and second-class honey in his evidence.

THIS was an action for trespass, for breaking and entering plaintiff's close and cutting a bee tree, and carrying away the honey, &c.

It was conceded upon the trial, by the defendant, that he cut the tree and carried away the honey taken from the tree, in which there was a swarm of bees. The only important question arose upon the measure of damages. The cause was tried before Isaac Plumb, Esq., a justice of the peace of the town of Sherburne, Chenango county, and a jury. Upon the trial James Andrews, a witness for the plaintiff, testified that he heard the evidence of the defendant as to the grades of honey. The defendant conceded the competency of the witness as to the value of honey generally in that vicinity, and the following question was then put to him by plaintiff: "What is the market value of honey such as has been described, per pound?" Which was objected to by the defendant; 1st. As illegal and improper. 2d. There is no evidence showing any ownership of the honey by plaintiff,

or that it was the property of any person except the first possessor, who is the defendant. 3d. The witness isn't competent to give an opinion, having never seen the honey in question. 4th. The question should call for the market value of the honey in question. 5th. The question should call for the value of the honey in question. 6th. If the witness could in any case give the value of property not seen, it could only be after particular description embraced in the question, or testified to by some other witness, heard by the witness giving the opinion. 7th. That there was not sufficient evidence as to the grades of honey in question to enable this witness to properly form an opinion. 8th. That the witness should state facts and not give an opinion. The objections were overruled and the witness answered: "Should think it was worth from ten to fifteen cents for the second grade and the third grade of the honey. The comb has some little value."

Adin Ramsdall had been previously examined as a witness for the plaintiff, and had given a description of the honey. The jury rendered a verdict for plaintiff for $2.50 damages, upon which the justice rendered judgment with five dollars costs, on the 19th day of October 1871. From this judgment the defendant appealed to this court.

*D. L. Atkyns*, attorney for appellant.

*Holden & Fuller*, attorneys for respondent.

H. G. PRINDLE, *County Judge.* — The only question of importance that I propose to consider in this case is whether the justice erred in overruling the objections to the question put to the witness Andrews: "What is the market value of honey such as has been described per pound?"

I have examined carefully the authorities bearing upon this question, and I am of the opinion that the justice erred in overruling the defendant's objection to this question. It is very doubtful whether the witness could have testified to the

Todd agt. Warner.

value of the honey in question without having seen the
honey. In *Westlake* agt. *St. Lawrence Mer. Ins. Co.* (14
*Barb.*, 206), it was held that "the opinion of a witness in
respect to the value of property which he has never seen
is not admissible in evidence." In *Buckhard* agt. *Babcock*,
(27 *How. Pr. Rep.*, 406), it was stated in the opinion that
"opinions of the value of articles may be given by those
familiar with the identical article or similar ones." There is,
however, another objection to the question which I think is
fatal, and that is allowing the witness to swear to the value
of honey such as has been described by the witnesses. In
*Page* agt. *Hazen* (5 *Hill*, 603), it was held that "the opinions
of witnesses based upon a state of facts sworn to by others,
are not proper evidence, except in matters lying peculiarly
within the knowledge of experts." This doctrine was
approved in *Clark* agt. *Baird* (5 *Selden*, 187), and in *Scott* agt.
*Lilienthal* (9 *Bosworth*, 224). In the last case the court said:
"A witness in order to be permitted to give his opinion of the
value of any subject as an item of evidence, must be person-
ally acquainted with it; which it cannot be presumed is
possessed by people generally; or if, though possessing that
knowledge, he is not personally acquainted with the subject,
the particulars of it, which, it is assumed, a jury may, upon
the evidence find to exist, must be stated by way of hypoth-
esis, and the opinion confined to the hypothetical case stated."
In the case under consideration it does not appear that the
witness had heard any of the evidence in regard to the quality
of the honey, except what the defendant had testified to, and
it appears that a witness called by the plaintiff had given
evidence in regard to the condition and quality of the honey,
or a portion of it, which the witness Andrews had not heard,
yet he was allowed to give his opinion of the market value
of honey such as had been described, *generally*, without
confining it to the quality as described by the defendant in
his evidence which was heard by the witness. I am unable
to see how this evidence can be sanctioned within the well

Todd agt. Warner.

settled rule. The most that the plaintiff could have legitimately obtained from the witness would have been an answer to the hypothetical question : "What was second and third-class honey worth per pound?" The defendant had classified the honey as first and second-class honey, in his evidence, and such a hypothetical question would have been barely competent.

There are other questions in the case which it is unnecessary to consider as I think this evidence was improperly received, and for this error the judgment must be reversed.