HAIGHT v. KIMBARK ET AL.

1. **Evidence:** EXPERT: VALUE. It is competent for a witness to give an opinion respecting the value of property, but he must first lay a foundation therefor, by showing himself to be possessed of sufficient knowledge to form an opinion.

*Appeal from Harrison District Court.*

FRIDAY, APRIL 25.

THIS action was brought upon a bond given by the defendants to indemnify one H. Mann, a constable, for holding and selling two mules upon an execution against one P. D. Mickel.

It is averred that said mules were in the possession of the plaintiff when they were levied upon, and that plaintiff served upon said Mann a notice that said property was owned by him, and held for the payment of two hundred and fifty dollars due him from said Mickel, whereupon said indemnifying bond was given by the defendants; that said mules were sold by said constable to satisfy said execution. Judgment is prayed for two hundred and fifty dollars, the alleged value of the mules, and for costs.

The defendant denied that notice was served as set out in the petition, and denied that plaintiff had any interest in the property, and denied that said mules were of the value of two hundred and fifty dollars. There was a trial by jury, and a verdict and judgment for plaintiff for one hundred and fifty-six dollars and fifty cents. Defendants appeal.

*Sapp, Lyman & Ament* and *F. M. Dance,* for appellant.

*Davis & Mickel,* for appellee.

ROTHROCK, J.—There are several errors assigned which we

think are not well taken, and we need not discuss them.

**1. EVIDENCE: expert: value:** They are fairly met and answered in the argument for appellee. But there is one assignment of error upon which the judgment must be reversed, and to that we will direct our attention. The value of the mules was a material question in the case. To prove the value the plaintiff called P. D. Mickel, L. R. Riley and Isaac Smith as witnesses. Mickel testified as follows: "I consider the mules worth two hundred or two hundred and twenty-five dollars. The mules were never in my possession." Riley testified: "I can't say that I know the value of mules. I have been accustomed to handling mules. I consider them (the mules in question) worth full as much or more than I could get for them—worth two hundred dollars." Smith testified: "I expect I know the mules in controversy some. They worked for me. I can't tell exactly how long. I paid forty-nine dollars for their work. I worked a number of mules, and bought some last spring. I thought those mules were worth from one hundred and seventy-five to two hundred dollars."

The defendants objected to the testimony of each of said witnesses as to the value of the mules, because the evidence was incompetent. The objections were overruled. This we think was erroneous. There is no possible ground upon which the ruling can be sustained. None of these witnesses were shown to be competent to form an opinion of the value of the property. Statements of value are always more or less matter of opinion except in questions concerning market value. This is one of the established exceptions to the rule prohibiting witnesses from giving opinions. The value of property cannot be satisfactorily proved in any other way. But a witness should not be allowed to testify to his opinion as to the value of property without first laying a foundation by showing him to be possessed of sufficient knowledge of the subject to form an opinion. *Anson v. Dwight*, 18 Iowa, 241; *Merrill v. Grinnell*, 39 N. Y., 93; *Bedell v. Long Island R. Co.*, 44 N. Y., 367.

Counsel for appellee urges that this ruling of the court does not appear to have been prejudicial. In reply to this it is sufficient to say that the only witness in the case that pretended to have any knowledge as to the value of mules fixed the value of those in controversy at from eighty to one hundred dollars. The verdict of the jury was one hundred and fifty-six dollars and fifty cents, which shows that they must have taken into consideration the evidence of the witnesses who were not shown to be competent to testify.

REVERSED.