Argued December 8, 1896; decided February 23, 1897.

## OREGON POTTERY CO. v. KERN.
### (47 Pac. 917.)

CROSS EXAMINATION—CODE, § 837.—A witness who has testified on direct examination that the scow, the condition of which at the time it sank is in issue, was built by a certain person and was in good condition at the time it was delivered to defendant, may be asked on cross examination if he knew the builder before he built the scow, and whether he ever knew or heard of the scow being sunk before it was finally sunk in defendant's service, in view of section 837, Hill's Code, permitting an adverse party to cross examine a witness as to any matter stated in his direct examination, or connected therewith: *Maxwell v. Bolles*, 28 Or. 1, cited and applied.

IDEM.—In an action for damages for the loss of a scow, where a witness has testified that he calked the scow just before its delivery to defendant, and that it was then in good condition and worth a certain sum, defendant may, on cross examination, ask: "Did you ever know anything about that scow before you were called to repair it? Did you ever examine it?" for the purpose of showing the means of knowledge and extent of information of the witness on the question of value.

OPINION EVIDENCE.—The fact that a witness has had his attention called to scows, and has heard men accustomed to buying and handling such property discuss their value, does not render him competent to give an opinion of the value of a scow in controversy, where it is not shown that he ever saw the property in question, nor was even familiar with the market value of such articles, or knew anything about the cost or manner of their construction. Opinion evidence may in some cases be received, but it must first be made to appear that the witness has had the means of forming an intelligent opinion derived from an adequate knowledge of the nature and kind of property under consideration, and of its value.

From Multnomah:  E. D. SHATTUCK, Judge.

Action by the Oregon Pottery Company against Daniel Kern.  From a judgment in favor of plaintiff, defendant appeals.

REVERSED.

For appellant there was a brief over the name of *Bronaugh, McArthur, Fenton & Bronaugh,* with an oral argument by *Mr. Earl C. Bronaugh.*

For respondent there was a brief over the name of *Cleland & Cleland,* with an oral argument by *Mr. John B. Cleland.*

Opinion by MR. JUSTICE BEAN.

This is an appeal from a judgment in favor of plaintiff, rendered in an action brought to recover the value of a scow leased to the defendant, and lost while being used by him. The complaint avers that the loss occurred through the negligence and carelessness of the defendant and his employes, while the defense is that it was due to defective construction, by reason of which the scow was unfit for the uses for which it was hired. On the trial, A. M. Smith, vice-president and manager of plaintiff, was called as a witness, and testified in its behalf, among other things, that the scow in question was built for plaintiff in 1891 by one Silas Smith; that it was built in a good and workmanlike manner, and was used by the plaintiff during the years 1891, 1892, and 1893, in carrying clay from Lewis and Clark River to Portland; that in June, 1894, it was leased to the defendant in good condition, and, while being used by him, was sunk in the Columbia River and lost. On cross examination the defendant's counsel put to the witness the following questions: "Who is Silas Smith? Did you ever know him before he built this scow?" and, "Did you ever know or hear of that scow being sunk in your service or in anybody else's service before she finally sunk in defendant's service?" but the court refused to permit the witness to answer either of these questions, on the ground that they were not

proper cross examination, and such refusal is assigned as
one of the errors on this appeal. For the purpose of
showing that the scow was in good condition at the time
it was delivered to the defendant, one J. F. Steffen was
called as a witness for plaintiff, and testified in chief,
among other things, that he was a shipbuilder by occu-
pation, and had been for twenty-two years; that he knew
the scow in question, and was employed to and did calk
her about the first of June, 1894; that she was then in
good condition, about four years old, and worth about
$2,500. On cross examination he was asked: "Did you
ever know anything about that scow before you were
called to repair it? Did you ever examine it before?" To
this question the plaintiff by its counsel objected on the
ground that it was not proper cross examination, which
objection was sustained, and this is also assigned as error.
For the purpose of proving the value of the property in
question, the plaintiff called one Blaine R. Smith, who,
after testifying that he had been acquainted with the busi-
ness of the plaintiff since 1891, and that his attention had
been called to the scows used on the river, and that he
had heard men accustomed to buying, owning, and hand-
ling such property, from 1891 down to the time of the
trial, discuss the price of scows, was asked by counsel
for plaintiff: "What, in your judgment, was this partic-
ular scow worth in the summer and fall of 1894?" An
objection to this question on the ground that the qual-
ification of the witness to give an opinion as to the value
of the scow had not been shown, being overruled, the wit-
ness answered: "Well, I consider it worth about $2,800
to $5,000—probably $3,000." And this ruling is also
assigned as error.

The first two assignments of error relate to the rulings
of the trial court in the matter of the cross examination
of the witnesses Smith and Steffen. Under section 837

of our Code, an adverse party has the right to cross examine a witness as to any matter stated in his direct examination or connected therewith. This is a substantial right, of which he cannot be deprived, nor can it be restricted so as to prevent his going fully into all matters connected with the examination in chief: *Ah Doon* v. *Smith*, 25 Or. 89 (34 Pac. 1093); *Sayres* v. *Allen*, 25 Or. 211 (35 Pac. 254); *Maxwell* v. *Bolles*, 28 Or. 1 (41 Pac. 661). Within the limitations indicated, a free range should always be allowed in conducting the cross examination. And, as said in *Ah Doon* v. *Smith*, it should not be limited to the exact facts stated on the direct examination, but may extend to other matters which tend to limit, explain, or qualify them, or to rebut or modify any inference resulting therefrom, provided they are directly connected with the matter stated in the direct examination." Under this rule, the defendant had a clear right to put to both Smith and Steffen on cross examination any questions calculated to test the means and extent of their knowledge as to the condition, structure, and workmanship of the scow in question. Smith testified, on his direct examination, that it was built in 1891, in a good and workmanlike manner, by Silas Smith, and that it was in good condition at the time it was delivered to the defendant in June, 1894. This was material testimony in the case, and it would seem that the defendant ought to have been permitted on cross examination to show who the builder was, whether he was skilled or experienced as a scow builder, to what use the scow had been put by the plaintiff or by any other person to whom it had been rented, whether it had ever been sunk before, and, in fact, any matter within the knowledge of the witness bearing upon the original construction of the boat, or its condition when hired by his company to the defendant.

Steffen testified, on direct examination, that he

calked the scow in June, 1894, and it was then in good condition, and worth $2,500. But the weight and value of his testimony would depend upon the extent of his knowledge as to the quality and quantity of the material out of which it was constructed, and the method and sufficiency of the way in which it was put together. Inquiry as to such knowledge, and whether he had ever examined it before was calculated to show the means and extent of his information in this regard, and was, therefore, within the limits of a proper cross examination. But, in view of the rule that the range and extent of such an examination is not subject to appellate review, except in case of an abuse of discretion, we should probably hesitate to reverse the case on this point alone, although we are unable to very clearly see, from the record before us, the ground upon which the court below put its ruling. But, however this may be, we are clear the judgment must be reversed upon the other assignment of error.

The value of the scow was a material question in the case. The plaintiff claimed and alleged it to be worth at the time of its loss $3,000, while the defendant denied that it was of any greater value than $800. As evidence on this question, the witness Blaine R. Smith was permitted, over defendant's objection, to give his opinion as to its value, without showing that he was possessed of sufficient knowledge to entitle him to do so. The value of property of this kind may be established by the opinion of witnesses who first show that they are qualified to give an opinion. This is one of the admitted exceptions to the general rule prohibiting a witness from testifying as to his opinions upon a given subject. But before he is permitted to give such testimony it must be made to appear that he "has had the means to form an intelligent opinion derived from an adequate knowledge of the nature and kind of property in controversy and of its value":

*Whitney* v. *City of Boston,* 98 Mass. 312; *Haight* v. *Kimbark,* 51 Iowa, 13 (50 N. W. 577). Now, it does not appear that the witness Smith had any knowledge of the kind of property in question, or of its value, except what was derived from hearing others discuss the price of scows in some general way. It is true, he says his attention had been called to scows used on the river, and that he had heard men accustomed to buying, owning, and handling such property discuss their value, but this is not sufficient to render him competent to give an opinion of the value of the particular scow in question. Its value depends upon its intrinsic properties and the state of the market, and it nowhere appears that the witness had any knowledge whatever upon either of these questions. Indeed, it does not appear that he ever saw or knew anything about the scow in controversy. It is therefore clear that he was not competent to give an opinion upon the question of value. Before he could be permitted to do so it must be shown that he possessed some special knowledge on the subject, and because no such showing was made it was error to admit his testimony. The judgment of the court below is reversed, and a new trial ordered.

REVERSED.