Argued October 15, 1930; affirmed February 10, 1931

# STOTTS *v.* WAGNER
(295 P. 497)

*W. ·C. Winslow,* of Salem, for appellant.

*Frank S. Senn* and *Frank Lonergan,* both of Port-land (Senn & Recken, of Portland, on the brief) for respondent.

ROSSMAN, J.  We shall first dispose of the assignments of error predicated upon the rulings of the circuit court in the admission of evidence.  One G. L.

Smith, a witness called by the plaintiff, testified that he was employed in a store located at 24th and Burnside streets, and that while performing his duties in the store he saw, by looking through a window, the collision occur. He testified to the incidents in detail. Upon cross-examination defendant's counsel inquired of him concerning his duties at that hour of the morning to which the plaintiff objected upon the ground that the question did not constitute proper cross-examination and that it sought facts which were immaterial. We are of the opinion that the objection was properly overruled. The inquiries were evidently intended to determine the extent of the witness's opportunities for making accurate observations. Upon cross-examination it is always permissible to determine whether the witness had a fair opportunity to obseve the matters to which he testified. Wigmore on Evidence (2d Ed.), § 994, and *Oregon Pottery Co. v. Kern,* 30 Or. 328 (47 P. 917). Even the questions which sought to elicit from the witness a statement of his customary duties at that hour of the morning were proper: *Southern Ry. Co. v. Hall,* 209 Ala. 237 (96 So. 73). Nothing contained in *Ramp v. Osborne,* 115 Or. 672 (239 P. 112), relied upon by the plaintiff, supports plaintiff's contention. In that case the party who called the witness sought to establish the speed of the automobile by showing its velocity at another place. In the present instance the nature of the witness's customary duties was sought by his adversary, for the purpose of determining his credibility.

The next assignment of error is predicated upon the contention that the circuit court improperly restricted the plaintiff's examination of the witness, Lloyd Stotts, husband of the plaintiff, when he undertook to testify concerning some photographs which had

already been received in evidence and which showed the condition of the plaintiff's automobile after the accident. We believe that this assignment of error is without merit. This is a court of review and declines to consider any alleged error not predicated upon an objection voiced in the circuit court. The instances upon which the plaintiff relies, as the foundation for this assignment of error, discloses that when plaintiff's attorney was interrogating the witness the judge of the circuit court interrupted him with the following:

"Why take up all that detail now? The photographs were admitted yesterday without objection. Now they have been identified as of that particular car * * * If this is the car that was in the accident, that is all you need, isn't it? * * * Can't the jury see it? * * *"

The answers made by counsel for plaintiff were in the affirmative. Apparently the colloquy between the latter and the court did not restrict the admission of evidence, but rather assisted in the formation of the questions. Nowhere did plaintiff object to the action taken by the trial court if the latter's questions could be deemed in the nature of rulings. Since no objections were made we find no error in this assignment of error: 3 C. J., Appeal and Error, p. 742, § 636; *State v. Jennings,* 131 Or. 455 (282 P. 560); *Southeast Portland Lmbr. Co. v. Heacock,* 128 Or. 248 (275 P. 28).

■■ It is next contended that the circuit court erred when it permitted the defendant over the plaintiff's objections to inquire of one Dr. Earl Smith, a witness called by the plaintiff, whether he had conferred with other physicians also in attendance upon the plaintiff. The sole objection offered by the plaintiff was that the inquiry sought an immaterial fact. We believe that the information sought was material; it is always permissible to ask a witness whether he discussed the facts with any other person.

Finally it is contended that the circuit court in its instructions to the jury misconstrued the effect of ordinance No. 52353 of the city of Portland, which designates East Burnside street as "a through traffic street" and regulates the operation of automobiles entering it from cross streets. This ordinance, after declaring East Burnside street a through traffic street, and providing that vehicles "using the same shall have the right of way over vehicles crossing on other streets," provides: "Every person operating a vehicle on any street intersecting the said through traffic streets shall bring such vehicles to a full stop upon entering or crossing such through traffic streets as such vehicle shall not have the right of way until it proceeds after making such stop." Substantial testimony showed that the defendant brought his automobile, a Cadillac, to a complete stop in 24th street before he entered Burnside street. As his car was resuming momentum the plaintiff's automobile reached a point approximately 100 feet from the place where the paths of the two cars would intersect one another. When the Cadillac approached the middle of the intersection the defendant noticed that the plaintiff's car was proceeding at a high rate of speed and seeing that she did not intend to stop he stopped his car at a point which was approximately the center of the intersection. Substantial testimony further indicated that the plaintiff's car maintained its speed and struck the Cadillac upon its front bumper tearing the same from the car but otherwise inflicting no injury. There was evidence at variance with the above statements, but since the defendant supplied creditable testimony which would warrant a finding in harmony with them he was entitled to instructions outlining the law applicable thereto. The plaintiff criticizes the instructions as not conforming to the aforementioned city ordinance nor with the

provisions of the State Motor Vehicle Act which provides for the right, of precedence at a street intersection, while the defendant insists that the instructions complied with the above ordinance and with § 55-702, Oregon Code 1930, which reads as follows:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enter and reach the intersection or not."

In our opinion the ordinance contemplates that a driver who desires to enter or cross a through traffic street must bring his automobile to a complete stop before doing so and that upon proceeding he must yield to all vehicles to his right, simultaneously approaching the point of intersection, the right of way. Many of our recent decisions construe the above section of our law; the most recent of them is *Knox v. Abrams*, 132 Or. 500 (286 P. 517), wherein we pointed out that the above section of our laws makes three demands upon the driver of the car to the left: (1) he must maintain a look out into the intersecting street to his right; (2) after having observed a car to his right he must exercise the judgment of a reasonably prudent person in determining whether the approach of the two cars is a simultaneous one, and (3) after having done so he must yield to the car to the right the right of priority in passing through the intersection in safety if he has concluded that the approach is simultaneous. Thus the combined effect of the city ordinance and the state motor vehicle act exacts of a motorist who is about to enter a through traffic street the duties, first, of stopping, and next, as his car resumes momentum, of yielding to all cars to his right, simultaneously approaching the point of intersection, the right of way. These rules are easier of statement than of application. Even a slight variation in an important circumstance may

materially alter the course to be pursued by the motorist. In the present instance the defendant's car, while it was starting, was approximately thirty-five feet from the point of intersection when the plaintiff was about 100 feet from the same point approaching at what then appeared to be a normal speed, although subsequent developments satisfied the defendant that the plaintiff's speed was several miles in excess of the speed limit of twenty miles per hour. One who is entitled to the right of way may be guilty of contributory negligence if he heedlessly exercises that right in such a manner than an injury is inflicted upon himself. *Stryker v. Hastie,* 131 Or. 282 (282 P. 1087). We have carefully studied the instructions of the court wherein it construed the ordinance and the above section of our state motor vehicle act and are of the opinion that they conveyed to the jury substantially the same conception of the ordinance and of the state statute as we have set forth above. The instructions were fair and employed the same definition of the right of way commonly used in similar instances. They are too lengthy, however, to warrant quotation. The only objection voiced by the plaintiff's attorney at their conclusion was the following: ''The plaintiff takes an exception on the court's interpretation of a through street.'' While this exception is insufficient to constitute a foundation for all the arguments presented before us, nevertheless we have reviewed the instructions which declared the law in regard to the right of way. In part we have been actuated by the fact that the presentation of the case before us was by an attorney other than the one who represented the plaintiff in the circuit court.

It follows from the above that the judgment of the circuit court will be affirmed.

BEAN, C. J., BROWN and KELLY, JJ., concur.