POLASEK et ux. v. GAINES BROS. et al.

No. 11460.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1945.

Rehearing Denied Feb. 28, 1945.

———◆———

Ward & Brown, of Corpus Christi, for appellants.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Joseph J. Polasek and wife, Alma Polasek, against N. O. Dragoo and his employer, Roy Gaines, doing business under the name of Gaines Brothers, seeking to recover damages resulting from a collision between an automobile driven by Alma Polasek and one driven by N. O. Dragoo and owned by Gaines Bros. Providence Washington Insurance Company intervened seeking subrogation insofar as property damage to the Polasek automobile was concerned.

The case was tried to a jury and submitted only upon the theory of discovered peril, upon which issues the jury found against plaintiffs. In accordance with the jury findings on these issues judgment was rendered that plaintiffs take nothing, from which judgment the Polaseks have prosecuted this appeal.

Appellants requested the trial court to submit to the jury issues relating to primary negligence on the part of Dragoo, the driver of the Gaines Bros. car, which was refused. This action of the court is here assigned as error.

Appellees attempt to uphold the action of the trial court, first, upon two theories, to-wit:

"(1) Under the undisputed evidence, from the plaintiffs themselves, the negligence, if any, of Dragoo was not the proximate cause of the collision, and the collision would not have occurred if their automobile had not sputtered, backfired and slowed its speed, but for which fact, according to their own testimony, they would have had a safe crossing; and

"(2) Under the undisputed evidence in the record, as a matter of law, plaintiffs were guilty of contributory negligence."

The evidence shows that the Polaseks were coming from the direction of Banquete and traveling on a State Highway leading to Mathis, thus they were traveling in a northerly direction. Dragoo was coming from the direction of Alice and traveling toward Robstown, thus he was traveling in an easterly direction. Alma Polasek was driving the Polasek car and as she approached the intersection of the two highways she observed a stop sign some hundred feet from the actual intersection of the two paved highways. She stopped at this sign and then feeling it was safe to do so proceeded into the intersection. While stopping, at the stop sign, she observed the Gaines Bros. car approaching the intersection at a high rate of speed, estimated at sixty miles per hour, but, nevertheless, felt she could cross in safety. Dragoo, the driver of the Gaines Bros. car, noticed the Polasek car approaching the intersection from his right, but thought that it would stop before actually crossing his path, and therefore did not slacken his speed, but looked to the north to see if any traffic was approaching from that direction, and when he looked to his right again the Polasek car was in the intersection and there was not time to avoid a collision. The Polaseks testified that they would have cleared the intersection in time to have avoided the collision if their car had not sputtered and backfired when they attempted to clear the intersection. Both drivers were familiar with the highways and knew of the stop sign.

We conclude that these facts raised issues with reference to the negligence of Dragoo and whether such negligence was a proximate cause of the collision. It seems that Dragoo assumed that as he was traveling on a through highway and the Polaseks on one marked with a stop sign, that he had the right-of-way and was not required to slacken his speed or yield the highway to a car approaching from his right. In this he was mistaken. Art. 827a, Sec. 12, Vernon's Texas Annotated Penal Code, is as follows:

"The Department, with reference to State Highways under its jurisdiction, is hereby authorized to designate main traveled or through highways by erecting at the entrances thereto signs notifying drivers of vehicles to come to a full stop before entering or crossing any such highway; and whenever any such sign has been so erected, it shall be unlawful for the driver or operator of any vehicle to fail to stop in obedience thereto."

It will be noted that the law does not place any other duty upon a driver approaching such a stop sign than to come to a full stop. After a driver has come to a full stop then he may proceed, charged only with the duty to use ordinary care. The statute in many states place further and other duties upon such a driver, but in the absence of some further provision of the law all that is required of such a driver is to come to a full stop, and then he may proceed using ordinary care. In Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., vol. 2, § 1032, p. 217, it is said:

"The motorist who complies with the requirement of stopping at a right-of-way street, or stop sign, before entering the intersection, by such compliance obtains the same status and rights that he would have at an unmarked intersection." And the following cases are cited: Jacobsen v. Ahasay, 188 Minn. 179, 246 N.W. 670; Johnston v. Selfe, 190 Minn. 269, 251 N.W. 525; Stotts v. Wagner, 135 Or. 243, 295 P. 497.

Art. 801, Section (E), Vernon's Annotated Penal Code, provides:

"Except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle ap-

proaching such intersection from the right of such first named vehicle."

Dragoo was approaching from Mrs. Polasek's left and, under the provisions of this statute, it was his duty to yield the right-of-way to her. At least the evidence is sufficient to raise such an issue of fact.

■ It is argued, however, that Mrs. Polasek should not have stopped at the stop sign, but should have continued until she reached the edge of the intersection before stopping. The statute does not say just when the stop shall be made, but certainly it cannot be said that it is wrong as a matter of law to stop opposite the stop sign. It might become a question of fact as to just where the stop should be made. Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., vol. 2, § 1035; Anderson v. Detroit Motorbus Co., 239 Mich. 390, 214 N.W. 172.

■ Appellees contend that the evidence conclusively shows that the fact the Polasek car sputtered and backfired caused the collision and not the negligence of Dragoo. Appellees say that if the car had not sputtered and backfired, thereby slowing down its speed, the collision would not have occurred. Likewise, if the Polaseks had stayed at home that day the collision would not have occurred, but this does not establish the fact that the Polaseks were guilty of negligence in going out upon the highway that day. The fact that the car sputtered and backfired is a circumstance which could properly be considered by the jury in passing upon the many issues of fact raised, but cannot be considered as a matter of law to be the sole proximate cause of the collision, or as an independent intervening cause of the collision.

■■ This brings us to the question of whether Mrs. Polasek was guilty of contributory negligence as a matter of law in attempting to cross the intersection under all the circumstances. It is plain from what we have already said that the question must be answered that she was not. Mrs. Polasek had stopped at the stop sign and she thereby complied with all that the law required of her, so far as the stop sign was concerned. She then had the same right to enter the intersection as if there had been no stop sign there. Dragoo was approaching from her left and under the law was required to yield the right-of-way to her and she had a right to expect him to obey the law.

Thus the question was raised, did Mrs. Polasek use ordinary care in entering the intersection under all the circumstances? If she did, she is not guilty of contributory negligence. This was a matter to be passed upon by the jury. In discussing this case we have considered the evidence in the most favorable light to the Polaseks as we are required to do in passing upon the questions herein raised.

The trial court was in error in refusing appellants' requested issues. Accordingly the judgment will be reversed and the cause remanded.