Argued February 7, affirmed July 3, 1957

# MEAD *v.* PORTLAND TRACTION COMPANY

313 P. 2d 451

*Berkeley Lent,* Portland, argued the cause for ap-

pellant. With him on the briefs were Peterson & Pozzi, Portland.

*Jarvis B. Black,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

PERRY, C. J.

█ The plaintiff brought this action to recover for personal injuries suffered in a collision of his personally operated automobile and a bus owned and operated by the defendant. The collision occurred at the intersection of N. E. Alberta street and N. E. 27th avenue in the city of Portland. The jury returned a verdict in favor of the defendant and the plaintiff has appealed.

Northeast Alberta street runs in an easterly-westerly direction and is intersected by N. E. 27th avenue, which runs in a northerly-southerly direction. At this intersection, Alberta street is a "through" street and a "stop sign" is located near the southeast corner of the intersection, which compels northbound traffic traveling on 27th avenue to stop before proceeding into the intersection. Where the collision occurred, Alberta street is about 36 feet wide and 27th avenue is about 30 feet wide. On September 25, 1951, at about 11:00 a.m. the plaintiff was driving his vehicle in a westerly direction on Alberta street and the defendant's bus was being operated in a northerly direction on 27th avenue. Defendant's bus came to a stop at the property line of the street and then proceeded into the intersection at a speed of about 8 miles per hour. At this time, the plaintiff was about 100 to 125

feet from the intersection traveling at a speed estimated to be between 20 to 30 miles per hour. In the northeast quadrant of the intersection (approximately 9 feet west of the curb line of 27th avenue and 11 feet south of the curb line of Alberta street) the two vehicles collided, the left front of plaintiff's vehicle striking defendant's bus.

The plaintiff has assigned as error the trial court's withdrawal from the consideration of the jury his allegation that the defendant's bus was being driven at an excessive rate of speed and was not under proper control at the time of the accident; also, the giving of the following instruction:

> "I further instruct you, the mere fact that the plaintiff's automobile was on the right of the defendant's bus has nothing to do whatsoever with the right-of-way between plaintiff's automobile and the bus. Vehicles entering an intersection on the right are only given the right-of-way at intersections which are not controlled by stop signs, traffic control signals or police officers."

It is plaintiff's contention that this instruction was erroneous as he was entitled to the "statutory directional right of way" because at the time of the collision he was approaching from the right of the bus at an intersection not controlled by a "traffic control signal" as defined by statute (§ 115-301(bb), OCLA, now ORS 483.028(2)), or by police officers.

Section 115-337(a), OCLA, now ORS 483.202(1), reads as follows:

> "Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enter and reach the intersection or not; provided, that the foregoing provision shall not apply at any inter-

section where and when traffic is controlled by traffic control signals or police officers. \* \* \*"

And subsection (b) of § 115-337, OCLA, now ORS 483.202(2), reads as follows:

"The driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

The plaintiff contends these subsections, harmoniously construed, provide for the directional right of way, as set forth in subsection (a), for control of traffic at all highway intersections except when the intersections are controlled by "traffic control signals", as defined in § 115-301(bb), OCLA, now ORS 483.028(2), or police officers. Upon this premise, he points out that in the case at bar the traffic at the intersection was controlled only by a "stop sign" and, since a "stop sign" is not a traffic control signal as defined in the statute, the directional right of way as set out in subsection (a) applies, and the trial court erred in giving the instruction.

Plaintiff further contends that inasmuch as the legislature enacted subsection (b) into law shortly after the decision of *Stotts v. Wagner,* 135 Or 243, 295 P 497, its only effect was to negate the right of way allowed by that case to the driver on the subordinate street who happened to be on the right side of the driver approaching the intersection on the protected thoroughfare, and that it did not take away the "directional right of way" from the driver on the pro-

tected thoroughfare who was approaching the intersection from the right of the motorist on the disfavored way.

In *Stotts v. Wagner,* supra, this court was construing the application of a city ordinance and the "directional right of way" statute (§ 115-337(a), OCLA, now ORS 483.202(1)). The city ordinance in the Stotts case, p. 247, read as follows:

> "Every person operating a vehicle on any street intersecting the said through traffic streets shall bring such vehicles to a full stop upon entering or crossing such through traffic streets as such vehicle shall not have the right of way until it proceeds after making such stop."

It is to be noted that the ordinance made no attempt to define what right of way was granted the driver on the intersecting street after stopping, and we correctly held that the right of way granted the driver of a vehicle on the street which intersected the through traffic street, after stopping, was the directional right of way provided by statute.

But the Stotts case, supra, which harmonized the city ordinance and the directional right of way statute, and the cases of similar import from other jurisdictions, relied upon by the plaintiff, are not now applicable to a situation which involves the intersecting of a through highway with one not so designated. Since the Stotts decision the legislature enacted subsection (b) of § 115-337, OCLA, supra, which sets forth the rights of the driver upon the disfavored or ordinary highway at its intersection with a through or favored highway, after stopping in compliance with the command of the statute.

Section 550 of the California Vehicle Code provides for directional right of way at ordinary road inter-

sections in the same manner as subsection (a) of § 115-337, OCLA, supra. Also, section 552 of the California Vehicle Code makes provision for traffic control at intersections of ordinary highways and through highways. It reads as follows:

"Vehicle Entering Through Highway. (a) A driver of any vehicle shall stop as required by Section 577 of the Code at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard.

"(b) Said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross a through highway."

In *Grasso v. Cunial*, 106 CalApp2d 294, 235 P2d 32, plaintiff was on a through highway and defendant was on the intersecting highway. Defendant had stopped as required by law and had entered the intersection when plaintiff's car struck defendant's car in the middle of the right side, thereby placing the plaintiff on the directional right of the defendant. At page 300-301 (P2d 37) the court said:

"Section 552 does 'not set a hard and fast rule for the conduct of drivers approaching through highways.' Whether a driver acts with due care or negligently in proceeding across a through highway is a jury question. * * * In Glynn v. Vaccari, 64 Cal.App. 2d 718, 721, [149 P. 2d 409], the court says: 'As stated in Casselman v. Hartford, A. & I. Co., 36 Cal. App. 2d 700, 708, [98 P. 2d 539], "This appellant, in common with many users of highways, seems to have the impression that every motorist who attempts to enter a main highway from a side road, does so at his peril. This misconception of

the law is a prolific source of accidents. As we have shown, such motorist has very definite rights granted to him by the provisions of the Vehicle Code, and those users of the main highway who ignore such rights must be prepared to pay the penalty." The "very definite rights" are given the motorists by subdivision (b) of Section 552 which provides that after the driver has "yielded" by stopping at an arterial sign he "may proceed *and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way* to the vehicle so about to enter or cross the through highway." ' (Italics theirs)

\* \* \* \* \*

"\* \* \* There can be no doubt of the applicability of the rule in the case in view of the clear language of subd. (b) of Section 552. \* \* \*."

To the same effect see: *Jones v. Kasper,* 109 IndApp 465, 33 NE2d 816; *Parks v. Metz,* 140 Neb 235, 299 NW 643; *Bates v. Burns,* 3 Utah 2d 180, 281 P2d 209.

While it is true the California Code uses the words "all other vehicles," we believe the Oregon Code provision using the term "other vehicles" is as inclusive, and we see no real distinction between the provisions of the California Vehicle Code and the provisions of subsection (b) of § 115-337, OCLA, supra. The legislature in enacting subsection (b) was establishing a rule of right of way to control the movement of traffic at intersections of through highways with ordinary highways, a different problem as distinguished from the right of way problem at ordinary intersections where neither intersecting road is a throughway, and which last situation had been previously provided for by the enactment of subsection (a) of § 115-337, OCLA, supra.

The instruction of the trial court was not erroneous.

■ In his other assignment of error the plaintiff submits that the trial court erred in withdrawing from the consideration of the jury his allegation that the defendant was negligent in the following particulars:

"In driving said motor bus at an excessive rate of speed under the circumstances then and there existing.

"In failing and neglecting to keep and maintain said bus under proper control so as to have been able to stop, swerve, or otherwise avert colliding with plaintiff's automobile."

There certainly is no evidence of defendant's "excessive speed," but plaintiff argues that even if there is no evidence of excessive speed in violation of the "basic rule," the jury should have been allowed to determine whether or not the defendant was negligent in failing to keep its bus under control as alleged in the complaint.

The only evidence to support either the allegation of negligence by reason of excessive speed or lack of control was the testimony of a Mr. Moreland who witnessed the collision, his testimony in this respect being as follows:

"Q. Do you know whether the bus had come to a stop at the time of the collision?
"A. Not as I recollect, no.
"Q. It was still proceeding?
"A. Yes."

We agree with the trial court that such evidence is not sufficient. The mere fact of the collision is not evidence that the defendant negligently failed to have the vehicle under proper control; *Navarra v. Jones*, 178 Or 683, 169 P2d 584; and the fact that the defendant failed to stop, or failed to swerve, or otherwise failed to avoid the collision is not in and of itself evidence

that the defendant negligently failed to have the vehicle under proper control. There must be further evidence of the failure in this particular. *Cameron v. Goree,* 182 Or 581, 189 P2d 596; *Hamilton v. Finch,* 166 Or 156, 109 P2d 852, rehearing denied 111 P2d 81.

Judgment affirmed.