Argued 22 October, decided 17 December, 1907.

## SUTHERLIN *v*. BLOOMER.

### 93 Pac. 135.

APPEAL—EXCEPTIONS—TRIAL DE NOVO.

1. Under the express terms of Sections 406 and 555, B. & C. Comp., on appeal, suits in equity are triable *de novo* on the transcript and evidence accompanying the appeal, and accordingly exceptions to the rulings on such suits are unnecessary, except in the instance provided for by section 406, where the court may refuse to permit testimony offered to be taken over its rulings sustaining objections thereto, in which event an exception to such refusal appearing in the record is sufficient to show no waiver of the right claimed is intended. Hence in equity appeals a bill of exceptions is unnecessary, and one cannot be considered, and, when accompanying the transcript, must be treated as surplusage, except in so far as the testimony there certified may be applied in determining the issues involved.

EVIDENCE—OBJECTIONS TO TESTIMONY IN EQUITY SUITS.

2. In equity suits, in order that objections to admission of testimony may be of any avail on appeal, they must be taken and noted in the trial court.

SAME.

3. Where, at the trial, testimony is tendered, but objections thereto are sustained, the party offering the testimony may have it taken and recorded over the court's rulings, by offering to pay the additional expense incurred thereby in the event the proffered testimony shall finally be held inadmissible.

SAME.

4. Where testimony is proffered, objections thereto sustained, and notwithstanding a request that it be taken and recorded, as provided in Section 406, B. & C. Comp., the court refuses to permit the testimony to be taken, and it shall on appeal appear that the rejected testimony is essential to a proper determination of the issues, the case may be remanded with directions to admit the desired testimony.

SAME.

5. When objections are sustained to testimony offered, but recorded regardless of such ruling, and relying upon the correctness of the ruling of the court, no proof is offered in response to such testimony, and on appeal it shall be determined that the court erred in sustaining the objections thereto, the cause may be remanded for further proceedings, if deemed essential to a proper determination of the rights of the parties.

REVIEW—QUESTIONS PRESENTED.

6. Where defendant in an equity suit manifested no desire to have testimony reported over the trial court's rulings, as might have been done under the express terms of Section 406, B. & C. Comp., questions as to the admissibility of the excluded testimony are not presented on appeal, except in so far as necessary to a review of other errors assigned.

ACCORD AND SATISFACTION—SETTLEMENT OF CAUSES—CONSIDERATION.

7. Any action, suit, or proceeding may be settled by accord and satisfaction thereof by a separate agreement, if made for a valuable consideration.

SAME—INTENTION.

8. Whether an agreement for the settlement of a suit or the performance thereof shall constitute a satisfaction, depends upon the intention of the parties thereto; the rule applying to oral contracts, if executed, as well as written ones.

EVIDENCE—PAROL—ADMISSIBILITY TO AFFECT WRITING.

9. Parol testimony is inadmissible to contradict, add to, detract from, or vary a written contract which is clear and explicit, and contains no latent ambiguities.

SAME—CONSIDERATION.

10. Where the statement in a written agreement as to the consideration consists of a specific promise to perform certain acts, it cannot be modified by parol evidence; and so, where a written agreement recited the release of attachments as a consideration, but states no basis for an inference that the actions were to be dismissed, parol testimony is inadmissible to show the latter fact.

PLEADING—ANSWER—INSUFFICIENCY—FAILURE TO DEMUR.

11. The insufficiency of an answer may be urged in opposition to defendant's motion for judgment on the pleading in the lower court, or on appeal, though no demurrer was filed thereto.

SAME—PLEA IN ABATEMENT—CONSTRUCTION.

12. Since pleas in abatement do not question the merits, but merely tend to delay the remedy, they are not favored, and much strictness is applied to them, and they will not be aided in construction by any intendments. With them correctness of form is a matter of substance, and any defect of form is fatal.

SAME—PLEA IN BAR.

13. Where matter concludes in bar, it must be so treated, and its character must be determined not from the subject-matter of the plea, but from its conclusions or prayer.

SAME—WAIVER OF PLEA.

14. By not plading a contract in abatement, defendant waived any right to rely upon it for that purpose, and may not insist that under the contract the decree against him was premature.

APPEAL—REVIEW—HARMLESS ERROR—FINDINGS.

15. Under section 406, B. & C. Comp., requiring findings on all material issues in equity cases, and providing that on appeal the cause shall be tried anew without reference to such findings, failure to make findings is not reversible error, where the transcript discloses all the proceedings had and evidence taken below, and especially where the complaining party does not appear to have been prejudiced.

FINDINGS—PRACTICE.

16. It is not contemplated by the statute that findings of fact and conclusions of law shall be made by the trial court where judgment is had on the pleadings, or for want of an answer.

From Douglas: JAMES W. HAMILTON, Judge.

Suit to foreclose a chattel mortgage. From a decree for plaintiff, defendant appeals.

Statement by MR. COMMISSIONER KING.

This is a suit to foreclose a chattel mortgage on furniture and other property owned by, and in the possession of, the defendant, as mortgagor; the chattels involved being in what is

known as the "McClallen House," in Roseburg, Or., which was at the time the proceedings were begun being conducted by him as a hotel under an unexpired lease thereon. The complaint is in the usual form, and demands judgment for. $5,000, with interest, costs and disbursements, including $250 attorney fees, together with a decree of foreclosure to satisfy the sums demanded. Three months after service of summons defendant answered, admitting that on. the date of the filing of the suit he was indebted to plaintiff in the sum mentioned in the .complaint, except as to attorney fees, concerning which he denies that $250, or any other sum, is reasonable to be adjudged by the court for the prosecution of the suit. For a further, separate and affirmative answer he alleges:

"That on the 19th day of August, 1905, the said plaintiff and the defendant herein, and one Chan Hi, the Douglas County Bank, and the H. Marks Company mutually entered into an agreement in full accord and satisfaction of the said indebtedness set forth in plaintiff's complaint, which agreement was in writing and was in words and figures as follows, to-wit:

'This indenture, made and entered into this 19th day of August, A. D. 1905, by and between Thos. C. Bloomer, of Roseburg, Douglas County, Oregon, the party of the first part, and J. R. Sutherlin, Chan Hi, the H. Marks Co., a corporation, and the Douglas County Bank, a corporation, the parties of the second part, witnesseth, that whereas, each of said parties of the second part is a creditor of the party of the first part; and

Whereas, on the 16th day of August, 1905, the three last named of the parties of the second part filed in the Circuit Court of the State of Oregon for Douglas County actions at law against said party of the first part and that writs of attachment have been issued therein in favor of the H. Marks Co. and the Douglas County Bank, and all the property of the party of the first part has been levied upon under said writs of attachment;

Now therefore, in consideration of the release of said writs of attachment aforesaid by the Douglas County Bank and by H. Marks Co., the said Thos. C. Bloomer has sold, assigned, set over and delivered to all of the said parties of the second part in trust for each of said parties jointly and severally, that

certain lease of the McClallen House property which said lease
of. said property was executed by Electa McClallen, on the 9th
day of May, 1901, in favor of M. Schmidt, and by said M.
Schmidt on the 18th day of November, 1903, assigned to· J. R.
Sutherlin, and thereafter, and on the 31st day of March, 1904,
assigned by said J. R. Sutherlin to Thos. C. Bloomer, the·first
party named herein.

Now the conditions of this sale and assignments are such
that: Whereas, there is due to the said J. R. Sutherlin, one
of the parties of the second part, named herein, on a certain
note given by the party of the first part to said J. R. Suther-
lin on the 31st day of March, 1904, for the sum of $5,000, bear-
ing interest at the rate of 8 per cent per annum, an unpaid
balance of ———— dollars; and

Whereas, there is due to Chan Hi, one of the parties of the
second part named herein, from the party of the first part the
sum of $1,355; and

Whereas, there is due from the party of the first part to the
H. Marks Co. the sum of $781.83, bearing interest at the rate
of 8 per cent per annum from August 15, 1905; and

Whereas, there is due from the party of the first part to·
the Douglas County Bank, one of the parties of the second part
herein, an unpaid balance of a promissory note of $300, bearing
interest at 6 per cent per annum after July 31, 1905;

Now therefore, should the party of the first part continue in
the conduct and management of the said McClallen House
property and conduct the same as a first-class hotel, and after
defraying all current expenses necessary in the conduct of said
business, and of the net proceeds of said business pay into the
Douglas County Bank for the *pro rata* use and benefit of the
said second parties, according to the amount of their respective
claims, until each and all of such claims are fully paid, satis-
fied and discharged, together with all costs heretofore incurred
and which may hereafter accrue by reason of such claims, then
this sale and assignment shall be null and void, otherwise to
remain in full force and effect.

It is hereby fully agreed and understood and made a part of
this contract and one of the conditions to its faithful perform-
ance, that Bert Westbrook, the present clerk of the said Mc-
Clallen House, is to remain in his present position as agent of
the parties of the second part; that he, the said Bert Westbrook,
is to keep the books of the said McClallen business, under the
terms of this contract, and to see that the payments herein con-

ditioned are fully and fairly made; that any violation of this last condition will work a forfeiture of this entire contract.

Given under our hands and seals this 19th day of August, 1905.

Signed, sealed
and delivered in
the presence of
W. W. Cardwell.

Thos. C. Bloomer.        [Seal.]
J. R. Sutherlin.        [Seal.]
Chan Hi.        [Seal.]
H. Marks Co.        [Seal.]
Douglas County Bank,

By J. H. Booth, Cashier.        [Seal.]

That the said plaintiff accepted the said agreement and security in full satisfaction of said claims set out in said complaint, which said claims mentioned in said complaint are the same as set forth in said agreement. That said agreement is still in force and effect and defendant has not violated the terms thereof, and that plaintiff has accepted part payment under the terms thereof. That all moneys due under said agreement have been paid in accordance with the terms thereof, and that there is nothing now due under said contract. Wherefore defendant prays judgment and decree herein dismissing plaintiff's complaint and for such other and further relief as may be meet and equitable, and defendant will ever pray."

Some time after the filing of the answer, and during a regular term of court, defendant moved for judgment on the pleadings, alleging failure on the part of plaintiff either to reply or demur to the answer. Afterwards, during the same term, but prior to the disposal of the motion, plaintiff filed a demurrer to the answer, which, together with defendant's motion, was overruled. Plaintiff then replied, admitting the execution of the contract as alleged, but denying that it was executed or accepted in satisfaction of the claim involved.

At the trial plaintiff introduced evidence relative to attorney fees, and rested. Defendant then offered testimony tending to prove that the contract set out was intended to be given in full satisfaction of the claim and mortgage mentioned in the complaint; that the written agreement given in his answer was accepted by plaintiff in full satisfaction thereof; and that, as an additional consideration to that stated in the written instrument

for its execution, plaintiff agreed to dismiss the foreclosure suit. Objection was made to this testimony as being an attempt to vary by parol the terms of a written instrument. Defendant, for the same purpose, also offered proof as to the value of the lease assigned to plaintiff and referred to in the contract, which offer was objected to as being incompetent, irrelevant and immaterial. Plaintiff's objections to all the testimony offered by the defendant were sustained, and the evidence offered was excluded by the court. A decree was entered for plaintiff, from which defendant appeals. The errors assigned and here urged are (1) the overruling of the motion for judgment on the pleadings; (2) the excluding of the testimony offered by defendant; (3) the failure of the court to make any findings upon which to base a decree.                       AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Albert Abraham.*

For respondent there was a brief over the names of *Mr. William W. Cardwell* and *Mr. James O. Watson,* with oral arguments by *Mr. William W. Cardwell.*

Opinion by MR. COMMISSIONER KING.

1. This cause appears to have been tried, evidence offered, exceptions taken to the court's rulings thereon, and brought here on a bill of exceptions as in actions at law. However, our statute clearly provides that suits in equity on appeal shall be tried *de novo* on the transcript and evidence accompanying it: B. & C. Comp. §§ 406, 555; *Robson* v. *Hamilton,* 41 Or. 246 (69 Pac. 651); *Powers* v. *Powers,* 46 Or. 481 (80 Pac. 1058).

2. It accordingly follows that exceptions to the rulings of the court in equity suits are unnecessary, save in the particular instance designated in B. & C. Comp. § 406, where the court may refuse to permit testimony offered to be taken over its rulings in sustaining objections thereto, in which event an exception to such refusal appearing in the record is sufficient to indicate that no waiver of the right claimed is intended.

3. A bill of exceptions in suits in equity, therefore, cannot be

considered on appeal, and, when accompanying the transcript, must be treated as surplusage, except in so far as the testimony there certified to may be applied in determining the issues involved.

4. The objections taken as to evidence offered, if urged on appeal, may be considered; and where testimony is tendered, but objections to the interrogatories are sustained, and the party offering the testimony demands that it be taken and recorded over the court's rulings, as provided in B. & C. Comp. § 406, but, notwithstanding such request, the court refuses to permit the proffered testimony to be taken, the cause may be remanded, with directions to admit the desired testimony, provided the testimony rejected shall appear admissible or necessary to a proper determination of the issues involved; but, in no event, is a bill of exceptions necessary in equity appeals.

5. Again, if the court sustains objections to interrogatories, but permits the witness to answer, and allows the response to be recorded over its rulings, and the opposite party, relying upon the correctness of the court's action, offers no proof in response to the testimony thus taken, and on appeal it shall be determined that the court erred in sustaining the objections thereto, the appellate court may, if deemed essential to a proper determination of the rights of the litigants, remand the cause for further proceedings: *Robson* v. *Hamilton,* 41 Or. 246 (69 Pac. 651).

6. The record in this cause discloses all the evidence introduced by plaintiff, together with the questions asked by counsel for defendant with objections made thereto. The answers were not taken over the rulings of the court, nor did defendant so request, but proceeded as in a law action. Had defendant demanded that the questions be answered, and offered to pay the additional expense incurred thereby, then, since the questions asked appear with the court's ruling thereon together with counsel's statement as to the purpose of the interrogatories, to which objections were sustained, he would be in position to urge the alleged erroneous rulings of the court in this respect as

grounds for remanding the cause for further proceedings; but, since he manifested no desire to have the testimony taken and reported over the rulings of the court, the question as to the admissibility of the excluded testimony is not properly before us for determination, except in so far as it may become necessary to a decision upon the first error assigned; and, since the transcript includes all proceedings except the points urged under the bill of exceptions, the points presented by the transcript of the judgment roll, including testimony taken, will be considered, so far as entitled thereto, under the record.

It is maintained that, inasmuch as the plaintiff was in default in pleading to the answer, the defendant's motion for judgment on the pleadings should have been sustained. This position appears to be based upon the theory that, notwithstanding the complaint alleges reasonable attorney fees, which is denied by the answer, the affirmative allegations in the answer are sufficient to preclude plaintiff's recovery of any portion of the claim named in the foreclosure suit, including attorney fees; and not having been denied by filing a reply, and no showing having been made as to the cause of the delay, a decree should be entered accordingly. The question as to whether it was within the power of the court to overrule the motion and allow plaintiff to file a reply or otherwise plead could be material here only in the event the answer states sufficient facts to entitle defendant to a dismissal of the foreclosure suit.

7. The question accordingly arises as to whether the affirmative allegations of the answer, which the failure to reply, for the purpose of the motion, admitted, state sufficient facts to entitle the defendant to a decree thereon. It appears well settled by the authorities that any action, suit or proceeding may be settled by accord and satisfaction thereof by a separate and distinct agreement, if entered into for a valuable consideration.

8. As to whether the agreement or the performance thereof shall constitute a satisfaction depends upon the intention of the parties thereto: 1 Cyc. 336.

9. And this is the rule with an oral contract, if executed, as

well as when reduced to writing, but it is equally as well settled that when a contract between the parties is reduced to writing and such writing is clear and explicit, containing no latent ambiguities, parol evidence is not admissible, either to contradict, add to, detract from or vary its terms: *Edgar* v. *Golden,* 36 Or. 448 (48 Pac. 1118, 60 Pac. 2); *Ruckman* v. *Imbler Lumber Co.* 42 Or. 231 (70 Pac. 811); *Hilgar* v. *Miller,* 42 Or. 552 (72 Pac. 319).

10. But it is argued that since the answer avers that there was a prior agreement whereby the contract set out in the answer should be accepted in full satisfaction of the claim specified in the suit, and that such agreement was a part of the consideration given to defendant by plaintiff, whereby defendant executed the instrument, and under which he permitted plaintiff to receive the lease to the hotel, and whereby he let plaintiff's agent, named in the writing, look after the collection of Sutherlin's *pro rata* of the moneys coming to him under its terms, that this is sufficient, if true, to entitle him to a dismissal of the suit. While these facts are alleged, it will be observed that the answer also avers that the agreement entered into between plaintiff and defendant, together with Chan Hi, the H. Marks Company and the Douglas County Bank, for the purpose of such accord and satisfaction, consisted of the written instrument quoted in the answer, thereby restricting the agreement relied upon to the one there specified. This clearly indicates that the contract, by which the satisfaction of the claims mentioned in the complaint was to be accomplished, is the written instrument referred to, and that it contains all the terms of an agreement between the parties, except the reference to the alleged additional consideration concerning the dismissal of the suit. It is true that this allegation is followed by one to the effect that plaintiff accepted the written contract and security referred to therein in full satisfaction of his claims; but when this statement is construed together with the averment relative to the dismissal of the suit, which it is urged was omitted from, and should have been included in, the contract, it can have reference only to the

covenants contained in the writings between them as set out in full in the answer, and a careful examination of this instrument fails to disclose any intention of dismissing the original suit. In fact, it is clearly stated therein that the consideration on the part of plaintiff and others signing with him consisted of the release of the writs of attachment mentioned, and nothing is there stated from which it could be inferred that any of the suits or actions should be dismissed. On the contrary, it is especially provided, not only that all costs theretofore incurred, but all costs which might thereafter accrue, by reason of the claims involved in the suit and actions pending, should be paid by defendant, thereby indicating, by inference at least, that the suit and actions there named should remain in *statu quo* until the claims were fully paid in the manner specified in the written contract, or at least until a reasonable time had elapsed, or until the contract should become forfeited through some failure to comply with its terms. From any point of view, therefore, we can find nothing in the contract from which it can be inferred that there was any intention of dismissing either this suit or the actions mentioned prior to a full payment of the claims in controversy. But it is argued that it is always permissible to show by parol, other and additional consideration than that specified in the contract, and that the averments are sufficient for that purpose; and this position is tenable where a monetary consideration is specified: *Burkhart* v. *Hart,* 36 Or. 586 (60 Pac. 205). But, in the case before us, the consideration specified in the written contract consists of certain acts to be performed, and the authorities are practically unanimous in holding that, where the statement in the written instrument as to the consideration is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to perform certain acts, it cannot be changed or modified by parol or extrinsic evidence. A party has a right to make the consideration of his agreement of the essence of the contract, and, when this is done, the consideration for the contract, with reference to its conclusiveness, must stand upon the same footing

as its other provisions, and accordingly cannot be affected by the introduction of parol or extrinsic evidence: 17 Cyc. 661; *Hilgar* v. *Miller,* 42 Or. 555 (72 Pac. 319); *Walter* v. *Dearing* (Tex. Civ. App.: 65 S. W. 380); *Cheesman* v. *Nicholl,* 18 Colo. App. 174 (70 Pac. 797); *Ind. Union R. Co.* v. *Houlihan,* 157 Ind. 494 (60 N. E. 943: 54 L. R. A. 787); *Tirce* v. *Yoeman,* 60 Kan. 742 (57 Pac. 955); *Sayre* v. *Burdick,* 47 Minn. 367 (50 N. W. 245).

11. The recital in the contract that it was entered into in consideration of the attachments being released, together with the manner of paying the indebtedness, etc., as there detailed, excludes the idea that any other agreements were to be performed, or of there being any other consideration. Then, conceding all the facts disclosed by the answer to be true, which the absence of a reply at the time of the motion admitted, it appears that defendant would not be entitled to a decree of dismissal. The same rule must prevail as to answers in this respect as in a complaint, from which it follows that it is immaterial that no demurrer was filed, for its insufficiency can be urged in opposition to the motion, whether in the court below or on appeal: B. & C. Comp. 72; *Moore* v. *Halliday,* 43 Or. 250 (72 Pac. 801: 99 Am. St. Rep. 724).

12. It is also maintained, in effect, that the contract discloses that the sums involved were to be paid out of the net proceeds of the business under the management there agreed upon, and that all payments due under these terms are alleged to have been paid, which is not denied, for which reason it is suggested that the decree is premature. The allegation that the payments due have been paid has reference only to the payment out of the net proceeds, so far as they have accumulated, and not that the claims specified therein have been fully paid. Plaintiff does not rely upon this instrument for recovery, but upon the original contract as contained in the mortgage. Hence it was unnecessary for him either to allege or prove a failure on the part of defendant to comply with the terms of the new agreement. The defense that the decree is premature could avail the de-

fendant only if pleaded in abatement; and, while the facts as alleged may have been sufficient to abate the suit, if pleaded for that purpose, they are pleaded in bar. This not only appears from the prayer of the answer, but it has been treated throughout the case by defendant as a plea in bar. Pleas in abatement, since they do not question the merits, but merely tend to delay the remedy, are not favored. Much strictness is accordingly applied to them, and they will not be aided in construction by any intendments. With them correctness of form is a matter of substance, and any defect of form is fatal: 1 Encyc. Pl. & Pr. 23.

13. Where matter in abatement concludes in bar, it must be so treated (*Morgan's Estate*, 46 Or. 242: 77 Pac. 608, 78 Pac. 1029), and its character must be determined, not from the subject-matter of the plea, but from its conclusion or prayer: 1 Encyc. Pl. & Pr. 27; *Lyman* v. *Cent. Vt. R. Co.* 59 Vt. 167 (10 Atl. 346) ; *Pitts Sons' Mfg. Co.* v. *Commercial Nat. Bank*, 121 Ill. 582 (13 N. E. 156) ; *Collette* v. *Weed*, 68 Wis. 428 (32 N. W. 753).

14. Defendant, not having pleaded the contract in abatement, necessarily waived any right to rely upon it for that purpose, and accordingly is not in a position to insist that the decree was prematurely entered: *Chamberlain* v. *Hibbard*, 26 Or. 428 (38 Pac. 437).

15. The next point to which our attention has been directed is that the court below made no findings of fact, and it is urged that this duty is made imperative by our code. B. & C. Comp. § 406, provides that the court, in rendering its decision in suits in equity, shall set out in writing its findings of fact on all material issues presented by the pleadings, together with its conclusions of law, each of which shall be stated separately from the decree and be filed with the clerk, thereafter constituting a part of the judgment roll of such cause; and that the findings of fact shall have the same force and effect as a verdict of a jury in actions at law. These provisions are followed by an exception and qualification thereof, to the effect that on

appeal the cause shall be tried anew without reference to such findings. Under this exception, it is clear that a failure to make findings should not constitute reversible error; nor can we conceive of any reason why it should have such effect when all the evidence offered and properly admitted is before the appellate court. It is true that where the evidence has been taken in the presence of the trial judge, and the court has prepared its own findings, they may be of material assistance to this court in reaching its conclusion on close questions of fact. But, since our statute expressly declares that this court shall try the cause anew without reference to the findings of the lower court, it is obvious that the absence thereof cannot be deemed fatal on appeal, even though the statute directs such findings to be made; for, while findings of fact and conclusions of law may, in some instances, be useful and convenient as a part of the records of the circuit court, it does not follow that they are essential here; and especially should the want of such findings not constitute reversible error, nor the cause be remanded on that account, when it does not appear that the complaining party is prejudiced by reason thereof.

16. It is not contemplated by the act that findings shall be made where no issues are tried, and it appears, as a result of the conclusions here reached, that the only material issue made and tried in this cause, under the pleadings in the court below, was in reference to the attorney fees claimed by plaintiff, as to which all the evidence bearing on that question is before us, while the conclusion of the circuit court thereon is contained in the decree. While the findings of fact in some instances might be material and of importance, the want thereof, when appealed, is not reversible error where the transcript discloses all the proceedings had and evidence taken in the court below.

There being no error disclosed by the record, the decree of the circuit court should be affirmed.      AFFIRMED.