'Argued December 7, modified December 15, 1914.

## SCHROEDER v. TILLMAN.

(144 Pac. 751.)

**Evidence—Parol Evidence—Written Contract—Encumbrances—Promise to Pay.**

1. Where land is conveyed subject to a mortgage, the payment of which is not stated in the deed to have been assumed by the grantee, testimony is admissible to establish the fact that, when the title to the premises was so transferred, the grantor orally promised to pay the grantee the amount of the encumbrance.

    [As to parol evidence to add to or vary a writing, see note in 56 Am. St. Rep. 659.]

**Evidence—Parol Evidence—Ambiguous Contract.**

2. Plaintiff having contracted to exchange certain personal property for land free from encumbrances, defendant tendered a deed covenanting that the premises were free from all encumbrances, except a proportionate part of a certain mortgage. Plaintiff objected to the deed, whereupon defendant assigned to him a note for $900; the assignment providing that the note should be held by a trustee until paid, when the amount should be applied in satisfaction of the proportion of the mortgage applicable to the land conveyed. The agreement also provided that the note should not be assigned or transferred by plaintiff, who accepted the assignment thereof and agreed to be bound by the contract made between defendant and one S., contemplating the use of the $900 to free the land from the mortgage. Plaintiff accepted the deed and caused it to be recorded. *Held*, that such contract was not ambiguous, and must therefore be construed as containing all the terms in respect thereto, as provided by Section 713, L. O. L., and evidence, in an action to recover the proportionate part of the mortgage on default in payment of the note, to show that defendant agreed to pay the same and that the transfer of the note was to operate only as security, was ·inadmissible.

From Multnomah: William N. Gatens, Judge.

Department 1.    Statement by MR. JUSTICE MOORE.

This is an action brought by H. D. Schroeder against J. H. Tillman to recover money. The parties hereto on May 4, 1912, subscribed their names to a contract whereby the defendant stipulated to convey to the plaintiff by a good and sufficient deed, free of all encumbrances, tract No. 20 of Portland Truck Gardens, in Marion County, Oregon containing 11.94 acres, and other lands. In consideration thereof the plaintiff angaged to assign to the defendant his lease of the Rex Hotel at No. 548½ Washington Street, Portland, Oregon, and also to transfer to him the furniture and furnishings then in that building, free of all encumbrance, except a mortgage of $1,800. Tillman on May 7, 1912, for the expressed consideration of $10, tendered to Schroeder a duly acknowledged deed of tract No. 20, covenanting in the conveyance that the premises were free of all encumbrances, except the proportionate part of a mortgage executed by C. H. Brown and his wife to W. H. Mahoney of all the Portland Truck Gardens, Plat A, and given to secure the payment of $11,500, the ratable share of which might be chargeable to tract No. 20, and also engaging in the deed to warrant and defend the premises, and every part thereof, against the lawful claims and demands of all persons whomsoever, except as to such mortgage. The plaintiff objected to the deed, because the covenant did not comply with the terms of the contract, whereupon the defendant executed to him a writing, assigning to him a promissory note for $900, given by F. J. Eldriedge March 11, 1912, and maturing July 2d of that year, but providing that the note should be held by A. H. McCurtain, trustee, until paid, when the amount thereof should be applied in satisfaction of such mortgage upon tract No. 20.

The assignment stated that it was executed subject to an agreement made by Tillman with George C. Shefler, about March 15, 1912, whereby the defendant herein was to apply the proceeds of the note to the payment of a proportionate part of such mortgage as was chargeable against tract No. 20, and that the note should not be assigned or transferred by Schroeder, who accepted the assignment thereof and agreed to be bound by the terms of the contract made by Tillman with Shefler. Schroeder thereupon accepted the deed and caused it to be recorded. The promissory note not having been paid, this action was commenced January 10, 1913.

The second amended complaint alleges the making of the contract and the tender of the deed pursuant thereto; that the plaintiff then ascertained that tract No. 20 was subject to a mortgage of $900, which sum the defendant promised to pay to the plaintiff who thereupon accepted the conveyance; that there is now due and owing on account from the defendant to the plaintiff $900, with interest at 7 per cent a year from March 15, 1912, for which amount judgment was demanded.

The answer denies the averments of the last complaint, and for a further defense sets forth the substance of the contract; that after it was made it was by mutual consent modified, whereby the plaintiff accepted the transfer of the Eldriedge note and the sum of $50 in full settlement of all accounts, which note was to be held by McCurtain, trustee, as hereinbefore stated; that thereafter the defendant, at the plaintiff's request, indorsed without recourse the promissory note and delivered it to his attorney, F. W. Stadter.

The reply denies the averments of new matter in the answer, and alleges in effect that at the time the deed was tendered the defendant informed the plaintiff that the promissory note would be paid at maturity, but if there were any default in this respect, he would thereupon pay the amount to the plaintiff, "and that said plaintiff accepted said assignment of said note and agreed to be bound by the agreement by the said Tillman and said Shefler"; that when the defendant stated to the plaintiff that the promissory note was collectible and would be paid by the maker he knew Eldriedge was insolvent; that such representations were made with knowledge of their falsity, and with intent to deceive and defraud the plaintiff, who relying thereon, was deceived thereby; that McCurtain having failed to collect the note, the plaintiff, in order to enforce payment thereof, retained an attorney, who demanded the note from the trustee, but he still retains possession thereof; that the $50 so paid by the defendant was on account of the premium which the plaintiff had advanced for fire insurance upon the furniture, etc., in the Rex Hotel.

For a further reply it is alleged in substance that as to whether or not the note was indorsed "without recourse" the plaintiff has not sufficient knowledge or information to form a belief, and he therefore denies the same; that if the note was so indorsed it was without his knowledge or consent, and so made to defraud him; and that the defendant, having made the contract referred to, and the representations as to the solvency of the maker of the note, upon which statements he knew the plaintiff relied, is estopped from denying his liability in this action.

The cause coming on for trial, some testimony offered by the plaintiff was not received, and when he

had rested a judgment of nonsuit was rendered, and he appeals.            MODIFIED.

For appellant there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. Louis Schmitt.*

For respondent there was a brief over the names of *Mr. A. H. McCurtain, Messrs. Bauer & Greene* and *Mr. Lester W. Humphreys,* with an oral argument by *Mr. McCurtain.*

MR. JUSTICE MOORE delivered the opinion of the court.

The plaintiff testified that he first met the defendant when the contract for an exchange of their properties was signed, and again when the deed was tendered and he ascertained that tract No. 20 was subject to a mortgage, whereupon he said to the defendant, ''I thought the land would be all clear,'' and was informed by him and Mr. McCurtain that the premises were the same as clear, for the reason that the Eldriedge note was as good as cash. The witness having identified the contract, the deed, and the assignment, they were received in evidence, and as to the latter the plaintiff's counsel inquired:

''How did it come about, if you know, that this separate agreement was entered into at that time?''

An objection to this question having been made, the court said:

''If the ultimate purpose is to show that at the time you claim he accepted this deed, and this memorandum, that there was a separate oral agreement he would pay this mortgage, then I sustain the objection.''

To such ruling an exception was saved. The plaintiff, having further testified that the promissory note had never been paid to him, nor the mortgage on tract No. 20 discharged, was asked by his counsel:

"What, if anything, was said by Mr. Tillman on this 7th day of May, 1912, when this conversation took place as to whether or not he would pay the encumbrance of this property?"

An objection to this inquiry was sustained, and an exception allowed. The plaintiff's counsel, referring to the written assignment of the note, asked the witness:

"How did it come about that this independent collateral contract was made and executed and delivered to you by Mr. Tillman on the 7th day of May, 1912, marked plaintiff's 'Exhibit 3'?"

An objection to this question was sustained, and an exception granted. The plaintiff's counsel thereupon stated to the court that he expected to establish by the testimony sought to be elicited that the defendant orally promised to discharge the mortgage as to tract No. 20, and that only a part of the agreement had been reduced to writing, and that he was also prepared to show that subsequent to the execution of the assignment the defendant promised to pay off such encumbrance. Referring to the deed executed by the defendant, the witness was further directed:

"State whether or not, if you know, does this consideration of $10 in plaintiff's Exhibit 2 state the true consideration."

An objection to this order having been sustained, an exception was allowed.

1. It is maintained that in excluding the testimony thus undertaken to be introduced errors were com-

mitted. It is argued by plaintiff's counsel that, where land is conveyed subject to a mortgage the payment of which is not stated in the deed to have been assumed by the grantee, testimony is admissible to establish the fact that when the title to the premises was thus transferred the grantor orally promised to pay the grantee the amount of the encumbrance. The legal principle thus asserted is well recognized. About as succinct a statement thereof as can be made is found in the case of *Brader* v. *Brader,* 110 Wis. 423, 431 (85 N. W. 681, 684), where Mr. Justice Dodge, in discussing this subject, remarks:

"We have in two very late cases reiterated the well-established rule that neither a simple deed of conveyance nor a promissory note purports to express the whole contract between the parties. * * The deed but purports to convey property in execution, partially or wholly, of some agreement; and the promissory note merely serves as convenient evidence of an agreement to pay money. Usually such instruments grow out of agreements having other elements than the mere conveyance or than the mere future payment of money, and therefore no presumption arises that the parties have attempted to embody their whole contract in either instrument."

"Parol evidence," says Mr. Justice Osborne in *McDill* v. *Gunn,* 43 Ind. 315, 319, "may be given to show the real consideration of a deed, and that the purchaser took the conveyance subject to encumbrances and agreed to discharge them in addition to the consideration stated in the deed."

Notwithstanding the existence of the rule referred to, it is believed the testimony so excluded was immaterial, for the reply admits the assignment of the note, so that upon the payment thereof the encumbrance upon the land conveyed to the plaintiff would be discharged, which assignment it is alleged was accepted

by the plaintiff, who stipulated to be bound by the agreement entered into by Tillman with Shefler.

2. The pleadings thus admit a stipulation on the part of the defendant to discharge the lien of the mortgage upon tract No. 20, and the written assignment of the promissory note evidences the manner in which he undertook to accomplish this result. This instrument does not appear ambiguous, and, the circumstances under which it was made having been detailed, the writing, as between the parties, must be construed as containing all the terms in respect thereto: Section 713, L. O. L.; *Edgar* v. *Golden,* 36 Or. 451 (48 Pac. 1118, 60 Pac. 2); *Tallmadge* v. *Hooper,* 37 Or. 511 (61 Pac. 349, 1127); *Sutherlin* v. *Bloomer,* 50 Or. 407 (93 Pac. 135). No error was committed in excluding the testimony so offered.

It is insisted that an error was committed in granting the judgment of nonsuit. It is admitted that the lien of the mortgage as to tract No. 20 has not been discharged, that no part of the Eldriedge note has been used for that purpose, and that no payment on account thereof has been made to the plaintiff, nor has there been any written reassignment of the negotiable instrument made by the plaintiff to the defendant. The testimony seems to create a doubt even as to who held the note when this cause was tried. For these reasons, no error was committed in granting the nonsuit.

There is, however, connected with the entire transaction an inference of unfair dealing whereby an advantage of the plaintiff seems to have been taken, and while a court cannot assume the guardianship of responsible parties, it is believed that substantial justice will be promoted by modifying the judgment, so that it shall be without prejudice as to the plaintiff, permitting him, if he so desire, to try the question of

73 Or.—35

fraud, under a complaint predicated on that ground, with respect to the alleged representations of the defendant as to Eldriedge's solvency, and to compel a satisfaction of the mortgage or a payment of $900 and interest thereon. This modification, however, will not entitle the plaintiff to his costs or disbursements in this court. MODIFIED.