Submitted on briefs September 29, reversed and remanded October 13, rehearing denied November 17, 1925.

## JOHN H. DENNEHY ET AL. *v.* GEORGE WATT ET AL.

### (239 Pac. 814.)

**Frauds, Statute of—Transfer of Lease Held Void Under Statute.**

Under pleadings setting up a contract for sale of lease for a year, the only writing thereof being a five-year lease having an indorsement at end thereof that in consideration of one dollar and other considerations, the plaintiff tenants assign and sublet the lease for a year to defendants, signed by the tenants but never delivered, there was not involved "a lease for a term not exceeding one year," within Section 804, Or. L., but an interest in real property, and the assignment was void under Sections 713, 777, 808, notwithstanding Section 798, subdivision 3.

See (1) 27 **C. J.** 214.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

REVERSED AND REMANDED.

For appellants there was a brief over the name of *Mr. Wilson S. Wiley.*

For respondents there was a brief over the name of *Mr. J. N. Carnahan.*

BURNETT, J.—It appears from the evidence in this case that the plaintiffs were subtenants of a large amount of land lying in Modoc and Lassen Counties, California, which had been leased to their immediate landlord for grazing, and sublet to them, by a written agreement, for a period of five years for the same purpose. The allegation of their complaint, upon which they seek to recover from the defendants, is as follows:

"That heretofore, to wit, on or about April 20, 1923, in Klamath County, State of Oregon, the plaintiffs sold to the defendants, and the defendants purchased and promised and agreed to purchase of and from the plaintiff a lease for the summer grazing season of the calendar year of 1923, upon the lands and real estate and property heretofore demised to the plaintiffs, for the sum or purchase price of $1646.73, which the said defendants then and there promised and agreed to pay to the plaintiffs as follows, to wit: One half of the said sum on June 1, 1923, and the balance, to wit, one half thereof on or before the time the sheep of the said second parties should leave the said range, October 15, 1923."

Then follows a description of the premises, and they say:

"That the plaintiffs have at all times performed all of the terms and conditions of the said contract on their part to be performed, and have held the said range open and ready for the said defendants at all times during the said grazing season of 1923, and up to this date, to wit, from on or about June 1st to on or about October 15, 1923, but to use or pay for the same or the one half part thereof due on June 1st, 1923, the said defendants have failed, neglected and refused, and they do now so fail, neglect and refuse."

A general demurrer to the complaint was overruled by the court. The defendants answered denying all the allegations of the complaint except those averring their refusal to use or occupy the land or to pay the amount demanded. In substance their affirmative answer is that during March, 1923, the defendants purchased some sheep from the plaintiffs and soon afterwards the latter informed the defendants they had summer range for sheep, and they told the plaintiffs that they intended to resell the sheep before the summer, in which event they would have no use for

such range, but if they did not sell the sheep they would take the range, and that at a later date they notified the plaintiff they had sold the sheep and would not use nor take the range. They conclude their affirmative defense with this allegation:

"That neither the defendants, nor any duly authorized agent of said defendants, made or signed any document or agreement in writing for the alleged sale, lease or purchase of said real property, and defendants deny that there was any note or memorandum of writing of any kind whatsoever whereby they agreed to purchase or lease, or purchased or leased, or whereby said defendants agreed to sell or lease the real premises described in said complaint."

The demurrer of plaintiffs to the new matter in the answer was overruled, and thereafter they filed a reply denying all the affirmative defense.

The written lease from their landlord to the plaintiffs was introduced in evidence and indorsed at the end thereof appeared this writing:

"For one dollar and other consideration we assign and sublet the lease to George Watt and F. L. Washburn for sheep grazing from June 15 to October 15, 1923. Dennehy Bros., by John Dennehy."

The plaintiff, John Dennehy, testified that he made that assignment about March 24, 1923. He then testified as follows:

"Q. Did he ask you for any separate lease or separate agreement?

"A. No, he said that was all right, being that I couldn't give him that, just to write it in.

"Q. Why couldn't you give him that?

"A. That was a five year lease and I didn't want to give it to him. That calls for a five year's lease."

This is all the testimony as to any writing. It is admitted that the defendants never took possession

of or used the land in any way. There was no testimony on behalf of the defendants, counsel for the defendants announcing that his client was sick and unable to come to court. At the close of the plaintiff's testimony the defendants moved the court for a directed verdict in their favor, for the reason among other things that:

"No legal evidence has been adduced showing a legal contract to have been entered into between the plaintiffs and defendants whereby defendants obligated themselves to take the lands of plaintiffs and pay any moneys therefor."

We remember that the allegation of the complaint is that the plaintiffs sold a lease to the defendants and that the defendants "purchased and promised and agreed to purchase of and from the plaintiff a lease * * ." The allegation is not one creating the relation of landlord and tenant. It is not averred that the plaintiffs sublet the premises to the defendants. No rent is reserved by the plaintiffs to be paid by the defendants. The action is for a purchase price and not for arrears of rent.

The plaintiffs have undertaken to reduce to writing the terms of the agreement between the parties. It is said in Section 713, Or. L.:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: * * " (Relating to mistake or imperfection and the validity of the agreement in dispute.)

In the face of the pleadings and of the writing itself, upon which the plaintiffs rely, we cannot con-

sider the question of subletting the premises. The plaintiffs manifestly were driven to call the transaction a sale, for while they might explain the consideration of a contract for the sale and enlarge it from one dollar to a greater sum under subdivision 3, Section 198, Or. L., yet they could not add a contractual consideration such as a reservation of rent: *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135). Hence, they do not pretend to have reserved a rent but are suing for the alleged contract price of a sale of an interest in real property. It is said in Section 804, Or. L.:

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring the same, * * and executed with such formalities as are required by law."

The subject matter of which the parties treated was something else than "a lease for a term not exceeding one year." It was an interest in real property, a portion of an estate for five years, that the plaintiffs say they sold, not sublet. Remembering that the pleading avers a sale and not a lease, we inquire, What is meant by the execution of a contract? It is thus defined in Section 777, Or. L.:

"The execution of a writing is the subscribing and delivering it, with or without affixing a seal."

In this instance there is no pretense of any delivery of the writing. The plaintiff-witness, who conducted the transaction on his part, explicitly says he refused to deliver it because it was a lease for five years, upon which he had indorsed the writing.

116 Or.—13

While it is true that the parties could have sublet the premises for a space of less than one year by an oral agreement, yet they did not do so and have not declared upon any such transaction. They are seeking to charge the defendants upon a transaction for the sale of an interest in real property. Applicable to this situation is Section 808, Or. L.:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * *

"6. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein; * * "

Manifestly the plaintiffs were endeavoring to sell an interest in real property. They say so in their primary pleading. Indeed, it may be a chattel interest, but it is none the less within the meaning of the Code, "an interest in real property." But there is no memorandum subscribed by the party to be charged, in this instance the defendants, and the statute is explicit and mandatory that "evidence of the agreement shall not be received other than the writing."

The issue was plainly tendered by the answer of the defendants that there was no writing for the averred contract. The agreement having been reduced to writing it is presumed to contain all the terms under Section 713, Or. L. The plaintiffs were in court without proof required by the law to substantiate their averment of sale of an interest in land. The motion for a directed verdict in favor

of the defendants should have been allowed. This is a just disposition of the issue, for confessedly the defendants received nothing from the plaintiffs and the latter parted with nothing for which they should have recompense.

The judgment of the Circuit Court is reversed and the cause remanded to the Circuit Court, with directions to enter a judgment for the defendants.

REVERSED AND REMANDED, WITH DIRECTIONS.

RAND, J., dissents.