Submitted on brief by appellant May 7, affirmed June 21, 1927.

## CREDIT SERVICE COMPANY *v.* ISRAEL KORN.

(256 Pac. 1047.)

**Pleading—Plea in Abatement may be Joined With One in Bar, but must Allege Facts With Particularity, and Conclude With Prayer Asking Abatement (Or. L., § 74).**

1. Under Section 74, Or. L., plea in abatement may be joined with one in bar, but pleader must allege facts with high degree of certainty and particularity, and must conclude with prayer asking for abatement of action.

**Pleading—One Entering Plea in Abatement must Conform Strictly to Applicable Rules of Pleading.**

2. Plea in abatement being dilatory, plea is not favored in law, and pleader must conform strictly to applicable rules of pleading.

**Pleading—Plea in Abatement, not Concluding With Prayer for Abatement, Though Defective, Held not Fatally Defective After Verdict.**

3. Plea in abatement, not concluding with prayer asking for abatement of action, though defective, *held* not fatally defective after verdict, in absence of demurrer.

**Pleading—In Determining Whether Pleadings are Fatally Defective, Courts Should be More Concerned With Substance Than Form.**

4. In determining whether defects in pleadings are fatal, courts in administration of justice should be more concerned with substance than form, since object of pleadings is to apprise adverse party of what is to be relied on during trial.

---

Pleading, 31 Cyc., p. 156, n. 60, p. 169, n. 6, 13, p. 179, n. 11, p. 180, n. 28, New, 30, p. 767, n. 38.

From Multnomah: J. W. KNOWLES, Judge.

In Banc.

On June 11, 1924, the plaintiff commenced an action to recover the amount alleged to be due for goods, wares and merchandise, aggregating $463.73, sold to the defendant at his express instance and request. To the complaint, defendant filed an answer

---

1. See 21 R. C. L. 423.
2. See 1 R. C. L. 56.
4. See 21 R. C. L. 466.

in bar and, as a further and separate defense, by plea in abatement, alleged:

"(1) That the goods, wares and merchandise mentioned in the complaint were sold to defendant upon a credit of sixty days from June 1, 1924.

"(2) That such period had not elapsed before the commencement of this action."

The answer thus concluded:

"Wherefore defendant demands judgment against plaintiff for his costs and disbursements."

After reply both to the plea in bar and in abatement, the trial court, upon hearing, rendered judgment abating the action. Plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. W. B. Layton* and *Mr. Edward A. Boyrie.*

For respondent there was no appearance.

BELT, J.—1, 2. It is contended that the alleged plea in abatement is insufficient and that, therefore, such defense has been waived. Under Section 74, Or. L., it is permissible to join a plea in abatement with one in bar, but there has been no change in the requisites of such pleas at common law. Since the above defense is a dilatory plea, it is not favored in law (*Walker* v. *Hewitt,* 109 Or. 366 (35 A. L. R. 100, 220 Pac. 147), and he who would avail himself of it must conform strictly to the rules of pleading applicable to such defenses. The pleader is required to allege facts with a high degree of certainty and particularity and must conclude with the prayer asking for the abatement of the action.

Our attention is directed to *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135), wherein it is said:

"Where matter in abatement concludes in bar, it must be so treated and its character must be determined, not from the subject matter of the plea, but from its conclusion or prayer."

3, 4. It will be observed that the defendant did not ask for the abatement of the action and his plea is, therefore, defective in this respect. Is it fatally so in the absence of demurrer and after verdict? In *Sutherlin* v. *Bloomer, supra,* a demurrer was interposed to such plea and what was said there must be read in the light of the record before the court. In the instant case the trial court, in keeping with well-established practice in this jurisdiction, proceeded, without objection on the part of appellant, to determine the issues under the plea in abatement, and judgment was rendered to the effect that plaintiff's action was prematurely commenced. We think, after verdict, the defense pleaded is sufficient, although would undoubtedly be vulnerable to demurrer. The facts alleged were certain to every intent and it seems to the writer that it would be unduly stressing adherence to technical rules of pleading to reverse this cause merely for the reason that the defendant did not specifically ask for that which everybody knew was desired. After all, the object of pleadings is to definitely apprise the adverse party of that which is to be relied upon during trial. Courts, in the administration of justice, should be more concerned with substance than form.

The judgment of the lower court in abating this action is affirmed.                    AFFIRMED.