Argued April 18; reversed May 14, 1935

IN RE CLYMER'S ESTATE

CLYMER *v.* CLYMER ET AL.

(44 P. (2d) 1082)

352

*W. C. Winslow*, of Salem, for appellants.

*Allan G. Carson*, of Salem (Carson & Carson, of Salem, on the brief), for respondent.

BELT, J. Petitioner, the widower of Martha A. Clymer, deceased, commenced proceedings in the county court for Marion county to have set off to him as a homestead 40.81 acres of farm land alleged not to exceed in value the sum of $3,000. It is alleged in the petition that Martha A. Clymer was the owner in fee of such land at the time of her death on July 5, 1933, and that the same was occupied by petitioner and decedent as a homestead.

To this petition four of the children of decedent—all of whom have attained majority—filed an answer which, so far as material herein, denies that the land did not "exceed the amount in value of the sum of $3,000". As a further and separate answer it is alleged that the land in question is of the reasonable value of $5,000; that on July 7, 1933, the petitioner, "with full knowledge of all his rights as the widower of said decedent", entered into a written contract whereby he elected to waive any claim of homestead. The contract, after reciting that the property described in the petition was an asset of the estate of Martha A. Clymer, deceased, provided:

"* * * and that it is the desire and purpose of the parties to this agreement to vest title in said above-described lands and premises so that the party of the

first part shall be entitled to all of the rents, issues and profits of said lands and premises during the period of his natural life, and that upon his death said lands and premises shall vest in the parties of the second part, in fee simple, as tenants in common, each owning an undivided one-fifth interest therein, subject to the life estate of the said George W. Clymer, and in furtherance of said purpose and desire the parties hereto have entered into the following mutual covenants and agreements to-wit:

"The party of the first part is hereby given the right to collect and appropriate for his own use all of the rents, issues and profits from said above described lands and premises, during the period of his natural life, but shall preserve the lands and premises and improvements thereon, to the best of his ability, for the succession of the parties of the second part thereto upon his death, and to that end shall pay all taxes which may be lawfully levied or assessed thereon, before the same shall become delinquent, keep the premises in a good state of repair at all times, and fully insured, and in the event of loss by fire said insurance shall be devoted to the rebuilding of such premises as shall be destroyed by fire, it being mutually understood and agreed, however, by and between the parties hereto, that if the rents, issues and profits of said lands and premises are not sufficient for the maintenance and support of the party of the first part, then said parties of the second part shall furnish, pro rata, as their interests may appear, such deficiency as may be required for the purpose of paying taxes and insurance premiums on said lands and premises.

"The party of the first part, in consideration of the giving to him of the entire rents, issues and profits of said lands and premises, hereby covenants to and with the parties of the second part that he will faithfully endeavor to preserve said inheritance, as hereinabove provided for the parties of the second part, and the parties of the second part hereby covenant to and with the party of the first part that they will surrender all of their right, title and interest in and to the rents,

issues and profits of said lands and premises during the period of the natural life of the said party of the first part.''

Defendants further alleged:

''V

That subsequent to the execution of said contract and in reliance upon the same, Carl H. Clymer, one of the heirs, purchased from Vance W. Clymer, another one of said heirs, all his right title and interest in and to said property and paid therefor the full sum of Five Hundred Dollars ($500). That in making said transaction and in purchasing said interest, the said Carl H. Clymer relied upon the contract hereto attached, marked 'Exhibit A' and made a part of this answer.

''VI

That these answering heirs have duly and fully performed all the terms of said contract, Exhibit A, upon their part to be kept and performed.

''VII

That on account of the matters and things herein set forth and alleged the said petitioner ought to be and is estopped from now attempting to assert or claim a homestead right in and to the real property described in said petition and referred to and described in Exhibit A attached hereto.''

A general demurrer to the further and separate answer was sustained and, upon failure of the defendants further to plead, a decree was entered on the pleadings setting aside a homestead in accordance with the prayer of the petitioner. An appeal to the circuit court resulted in an affirmance of the decree of the county court to the extent that so much of the land described in the petition as does not exceed in value $3,000 should be set aside as a homestead. From such decree an appeal is had to this court.

■ Did the court err in sustaining the demurrer to the further and separate answer and in entering judg-

ment on the pleadings? The determination of this question, in our opinion, depends upon whether or not there is any consideration for the agreement of respondent petitioner purporting to waive his claim of homestead. As stated simply in *Butson v. Misz,* 81 Or. 607 (160 P. 530), "consideration is defined as a benefit to the party promising or a loss or detriment to the party to whom the promise is made". The promise must be "to do something of value in the eye of the law". Clark on Contracts (3d Ed.) p. 146.

Appellants contend that, under and by virtue of the contract set forth in the answer, the parties agreed that respondent would take a life estate in the entire property rather than a homestead right in a portion thereof to the value of $3,000. Under the pleadings, there was an issue as to the value of the property. Respondent averred that its value was not in excess of $3,000. Appellants alleged it was reasonably worth $5,000. We agree with counsel for respondent that the mere fact, in itself, that the land had a value in excess of $3,000 would not, in the absence of any waiver, preclude the setting aside of a homestead. We do think, however, that the matter of value enters into the determination of the question as to whether there is any consideration to support the contract upon which appellants rely. Under the statute, respondent was entitled to have a homestead set aside to him not in excess of the value of $3,000, unless he had waived his right thereto. If, in fact, the land which the court decreed should be set aside to respondent was not in excess of $3,000 in value, then the promise of the appellant children to give their father the "entire rents, issues, and profits of said lands and premises" did not confer any benefit upon him. He would already, under a fee simple estate, have

such right. Neither would the appellants have suffered any loss or detriment for they would have no rights or interests in such land. The same may be said relative to the stipulation that respondent "shall preserve the lands and premises and improvements thereon, to the best of his ability, for the succession of the parties of the second part thereto upon his death, and to that end shall pay all taxes which may be lawfully levied or assessed thereon, before the same shall become delinquent, keep the premises in a good state of repair at all times, and fully insured, and in the event of loss by fire said insurance shall be devoted to the rebuilding of such premises as shall be destroyed by fire". In other words, respondent agreed to keep his own buildings insured, pay his taxes, and take care of his own property to the end that it, in derogation of a fee simple estate, be preserved for the benefit and enjoyment of the appellants.

■ If, however, the land had a value in excess of $3,000, and the respondent was given the rents, issues and profits to be derived from the entire tract in lieu of a portion of the land being set aside to him as a homestead, it seems clear to the writer that there would be a consideration for the agreement in question. Assuming, as we must do upon demurrer, that the allegations of the answer are true, respondent received a life estate in land valued at $5,000, whereas, under the statute, he was not entitled to an estate of greater value than $3,000.

■ This issue of value could not be properly determined on the pleadings. It was a question of fact. The demurrer should not, therefore, have been sustained.

If, upon trial, it be found that the land described in the petition has not a value in excess of $3,000, then there is no consideration for the waiver agreement,

and the petition for setting aside the homestead should be allowed. On the other hand, if it be determined that such land does exceed $3,000 in value, the petition should be denied.

■ It is argued by counsel for respondent that oral evidence is not admissible to show the value of the land, since the statement in the written instrument as to consideration is of a contractual nature: *Sutherlin v. Bloomer,* 50 Or. 398 (93 P. 135); *Muir v. Morris,* 80 Or. 378 (154 P. 117, 157 P. 785); *Coker & Bellamy v. Richey,* 104 Or. 14 (202 P. 551, 204 P. 945, 22 A. L. R. 744). The conclusion reached does no violence to the rule announced in the above cases. The evidence relative to value does not alter the terms of the written contract. It is true that it does not appear from the affirmative answer that Martha A. Clymer died intestate, but we are able to glean from the contract and from the answer that the appellants as heirs had an interest in this estate if the land had a value in excess of $3,000.

■ We see no merit in the plea of estoppel. The respondent did nothing to mislead the appellants to their prejudice. They knew as much about the legal effect of the contract as did the respondent.

The decree of the circuit court is reversed and the cause remanded to it with instructions to direct the county court to overrule the demurrer to the further and separate answer, to permit respondent to file a reply thereto, and to proceed in accordance with this opinion.

Neither party will recover costs or disbursements here or in the lower court.

CAMPBELL, C. J., not sitting.

RAND and BAILEY, JJ., concur in the result.