Argued December 6; affirmed December 20, 1938

IN RE CLYMER'S ESTATE
CLYMER *v.* CLYMER ET AL.

(85 P. (2d) 365)

*Allan G. Carson,* of Salem (Carson & Carson, of Salem, on the brief), for appellant.

*W. C. Winslow,* of Salem, for respondents.

RAND, J. Under section 3-201, Oregon Code 1930, upon the death of Martha A. Clymer, a homestead exemption in 40.81 acres of land in Marion county to

the amount in value of $3,000 vested in George W. Clymer, the surviving husband. After her death, he entered into a written contract with the children of the marriage to forego his homestead exemption and to accept in lieu thereof a life estate in the property.

In *Re Clymer's Estate*, 150 Or. 351 (44 P. (2d) 1082), it was held that, unless the property exceeded in value the sum of $3,000 at the time of her death, the contract was without consideration and the cause was remanded to the court below to determine that fact. The testimony has been taken and a finding and determination made by the circuit court for Marion county, holding that the value of the property is in excess of said sum and the case is here again upon an appeal from that decision by the homestead claimant.

■ We are satisfied, after a careful consideration of the record, that the property in question possesses a much greater value than the sum of $3,000. There is a sharp conflict in the testimony upon that question. Five witnesses called by the homestead claimant fixed the value of the property in amounts ranging from $2,000 to $2,870, and one as low as $1,025. All of said witnesses were merely asked to give their opinion as to the value and none of them were shown to possess any qualifications whatever to testify as to the market value of the land. Their testimony, therefore, upon that question was incompetent and inadmissible.

■ On the other hand, the respondents called seven witnesses, most of whom were realtors residing in Salem and the immediate vicinity thereof, and all of them were shown to be thoroughly qualified and competent to testify as to the market value of the land which is situate only eight miles from Salem. Three of these witnesses testified that the market value of the land

was $5,000, one $4,825, one $4,500, one $4,370 and the other $4,100.

Moreover, the homestead claimant himself testified that the land without the buildings was of the fair value of $2,000 and Mr. Sam Hughes, a witness called by him, testified that the buildings on the property without the land were of the value of $1,300, which shows a total value of $3,300 fixed by these two witnesses called by the homestead claimant.

The judgment and order of the circuit court, therefore, is affirmed.

BEAN, C. J., and BAILEY, and LUSK, JJ., concur.