Argued March 6, reversed and remanded March 25, 1964

## In re Estate of CARL R. McFADDEN, Deceased

## McFADDEN et al v. McFADDEN et al

390 P. 2d 671

*Richard E. Paul,* Portland, argued the cause for appellants. On the briefs were Alexander T. Bishop and Caldwell & Paul, Portland.

*Benhardt E. Schmidt,* Portland, argued the cause and filed a brief for respondent Zenith McFadden.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

Carl R. McFadden died intestate, and Zenith Mc-Fadden, his widow, petitioned the circuit court sitting in probate to have a house and lot set aside as her homestead. The administrator did not object, but the decedent's sons and heirs objected upon the ground that Zenith had entered into a prenuptial agreement with their father whereby she had relinquished her right to claim a homestead exemption. The widow contended that the prenuptial agreement did not amount to a relinquishment of her homestead rights and that, if it did, she was deceived into executing it. The probate court overruled the sons' objections and ordered the property set apart as the homestead.

The issue is the authority of the probate court. At the commencement of the hearing the sons objected to the court hearing the matter on the ground that it lacked jurisdiction. Their position was that their objection to the widow's right to the homestead exemption resolved the proceeding into a trial to determine title to real property,—was the widow entitled to the property by having it declared her homestead, or, if it did not have to be sold to pay debts, were the heirs entitled to it by the laws of descent? The objectors pointed out that this court has frequently made the general statement that the court of probate has no jurisdiction to try title to real property.

The trial court, in effect, overruled the objection to its jurisdiction and heard testimony on whether the property was the widow's homestead and on what its value was. The trial court was of the opinion, however, that it did not have jurisdiction to consider the prenuptial agreement, as that would amount to trying title to real property. The trial court's order, therefore, is merely a decision that the property was the widow's homestead and that its value is no greater than $7,500 (the statutory limit for homestead).

■ The objecting sons urge that the trial court erred in not considering the prenuptial agreement. We hold it did so err.

This court has repeatedly reviewed the decisions of probate courts in which a petition for homestead was made and an agreement to waive homestead was asserted. In none of these was the jurisdiction of the probate court questioned or passed upon. Nevertheless, we consider that these decisions have established the practice in this state that the probate court is a proper forum to decide such issues. The decisions mentioned above are as follows:

*Moore v. Schermerhorn,* 210 Or 23, 307 P2d 483, 308 P2d 180, 65 ALR2d 715 (1957). The probate court denied the widower's petition to have a homestead set apart for him. The denial was upon an heir's objection and on the ground that the widower had relinquished his claim to homestead by a prenuptial agreement. The petitioner contended that the prenuptial agreement did not relinquish his homestead and that the Oregon statutes and public policy invalidated such an attempted relinquishment. We found contrary to these contentions and affirmed the probate court.

*Brown, Adm'r v. Miles,* 193 Or 466, 238 P2d 761

(1951). The widower petitioned the probate court to set apart his homestead. The beneficiaries of the will objected upon the ground that the widower had relinquished his right to the homestead by executing a prenuptial agreement. The probate court denied the petition. This court reversed upon the ground that the prenuptial agreement did not apply to a homestead acquired after the execution of the agreement.

*In re Clymer's Estate,* 150 Or 351, 44 P2d 1082 (1935). The widower petitioned the probate court to have his homestead set apart. Four of the decedent's children opposed the petition and contended the petitioner had entered into a contract whereby he waived his claim of homestead. This court held that, if there had been consideration for the agreement, the petition should be denied.

The objectors contend that, as the widow did not file a reply to the objections which asserted the prenuptial agreement as a bar, the validity of such agreement is not in issue. The heirs request this court to decide that the prenuptial agreement bars the widow's right to homestead. Formal pleadings, and the rules of pleading, are not applicable to proceedings to have a homestead set aside. *Benedict v. Lee, Adm'r,* 198 Or 378, 387, 256 P2d 507 (1953). The widow can attack the validity of the agreement.

The heirs' claim that the property set apart was of the value of more than $7,500 is without merit.

Reversed and remanded.

O'CONNELL, J., specially concurring.

I concur in the result. However, as I indicated in my dissent in *Parmele v. Mathews,* 233 Or 616, 379 P2d

869 (1963), I would not treat the probate department of the circuit court of Multnomah county as a court having jurisdiction separate from the circuit court itself.