Argued September 21, affirmed October 5, rehearing denied November 16, 1915.

## PETERSON *v.* THOMPSON.

(151 Pac. 721; 152 Pac. 497.)

**Bills and Notes—Indorser's Liability—Statute.**

1. Under Section 5899, L. O. L., providing that every indorser without qualification warrants to all subsequent holders in due course that the indorsement is genuine and in all respects what it purports to be, that he has good title to it, that all prior parties had capacity to contract, and that the instrument is at the time of his indorsement valid and subsisting, and providing that, in addition, he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and the

necessary proceedings duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it, where defendants indorsed a mortgage note without qualification, they were liable thereon, unless the note had been previously paid or otherwise satisfied.

[As to indorsement in blank by person other than payee or holder, see note in 29 Am. St. Rep. 297.]

**Bills and Notes—Payment—Burden of Proof.**

2. Payment being an affirmative defense, in suit to foreclose a mortgage, seeking a personal judgment against indorsers of the mortgage note, it was incumbent on such indorsers to prove payment by the preponderance of the evidence.

**Appeal and Error—Reservation of Grounds of Review—Objection to Evidence.**

3. Where testimony was excluded, but no offer was made to have it taken and incorporated in the record, subject to the objection, the objection could not be urged on appeal.

**Bills and Notes—Mortgage Note—Liability of Indorsers—Sale of Equity of Redemption.**

4. Where the sale of mortgaged premises by the administrator of the deceased mortgagor, in effect, conveyed the equity of redemption remaining in the estate of the maker, such sale, while it exhausted the estate, did not discharge its liability on the note, and the indorsers on such note were not discharged.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1. Statement by MR. JUSTICE McBRIDE.

This is a suit by Etella Peterson against Emma B. Thompson, W. C. Harding Land Company, a corporation, W. C. Harding and Ada Harding, husband and wife, to foreclose a mortgage against a tract of land in Douglas County, Oregon, and in addition to secure a personal judgment against the defendants, W. C. Harding Land Company and W. C. and Ada Harding, husband and wife. The note which was secured by the mortgage was given by C. J. Stovin to W. C. Harding Land Company. The note and mortgage were later sold by the W. C. Harding Land Company to plaintiff; the note being indorsed as follows:

"Pay the within note to Etella Peterson, or order. W. C. Harding Land Co. W. C Harding, Pres. L. W. Wallace, Sec'y."

There was also this further indorsement:

"Presentment notice and protest are waived. W. C. Harding. Ada Harding."

The complaint alleged, in substance, that the mortgage was given by C. J. Stovin and wife to secure a promissory note executed by Stovin to the W. C. Harding Land Company for $4,500, with 6 per cent interest from date, upon which note there were indorsements showing payment of interest to December 7, 1911, amounting to $550.80, and upon the latter date a payment upon the principal of $590. The complaint then set up the death of Stovin prior to the commencement of this suit, and alleged that A. N. Orcutt, his administrator, duly sold the mortgaged premises at administrator's sale to defendant Emma B. Thompson for $250, and that Stovin's widow conveyed all her right, title and interest to Emma B. Thompson, who was alleged to be the owner of the property subject to the mortgage in suit and another mortgage mentioned in the complaint. The complaint also alleged the assignment of the mortgage in suit to plaintiff; that the mortgage is subsequent and inferior to another mortgage executed by the Stovins to the W. C. Harding Land Company and assigned through various parties to Alice I. Thompson, who is now the owner and holder of it. The presentment, nonpayment of the note in suit, and the notice thereof were duly alleged. The complaint contained the further allegation that said note was assigned and delivered by the W. C. Harding Land Company and indorsed by the defendants W. C. and Ada Harding for the purpose of paying a sum of money due to the plaintiff from the defendant W. C. Harding Land Company; that said note was taken by plaintiff on the credit of such indorsement;

and that defendants W. C. and Ada Harding indorsed said note for the purpose of procuring for the said W. C. Harding Land Company a credit with plaintiff knowing that it would be so applied.

The answer formally denied that the mortgaged property had been sold to Emma B. Thompson or that she was the owner of it; that there was any sum due or unpaid upon the note; the various assignments of the other mortgage; and Alice I. Thompson's ownership thereof. It contained the following affirmative defense:

"That the plaintiff, being the owner and holder of the notes and mortgages set out in plaintiff's complaint, purchased the land therein described from the administrator of the estate of said C. J. Stovin, deceased, and that the consideration for the purchase of said land was the indebtedness of the said C. J. Stovin and Fannie B. Stovin, his wife, as evidenced by the promissory notes described and set out in plaintiff's complaint, and in purchasing said real property from the said A. N. Orcutt, administrator of the estate of said C. J. Stovin, deceased, paid to the said Orcutt a nominal sum only, to wit, the sum of two hundred ($200) dollars; that in the purchase of said real property the said Etella Peterson received the deed and transfer and conveyance thereof from the said administrator of the estate of said C. J. Stovin, deceased, in full payment and satisfaction of the indebtedness evidenced, mentioned, and set out in plaintiff's complaint; that for the purpose of overreaching, cheating, and wronging these answering defendants, and particularly the answering defendants W. C. Harding and Ada Harding, said Etella Peterson caused the said sale of said premises to be reported to the county court by said A. N. Orcutt, administrator aforesaid, as though made to the defendant Emma B. Thompson, and thereafter caused the deed to said premises to be made to the said defendant Emma B. Thompson for said plaintiff, Etella Peterson; that the said plaintiff,

Etella Peterson, is now owner and holder of the title to said premises in truth and in fact, and the said defendant Emma B. Thompson holds the title in trust for the use and benefit of the said plaintiff, Etella Peterson; that these answering defendants are informed and believe and therefore allege, that the said plaintiff, Etella Peterson, and the defendant Emma B. Thompson are sisters; that by reason of the sale of the said premises described in plaintiff's complaint by said A. N. Orcutt to the plaintiff, as aforesaid, the persons primarily liable on the notes set out in plaintiff's complaint and described therein, to wit, the estate of C. J. Stovin and Fannie Stovin, were discharged and said notes thereby fully paid and satisfied, and these answering defendants were thereby released and discharged from any and all liability incurred by the indorsement of said promissory notes. Wherefore these answering defendants, having duly answered plaintiff's complaint, pray for the decree and judgment of this court dismissing said complaint and awarding judgment against the plaintiff for these defendants' costs and disbursements herein to be taxed.''

The reply denied all the new matter set up in the answer, except the allegation that plaintiff and Emma B. Thompson were sisters. The trial resulted in findings and decree for plaintiff, and defendants appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondent there was a brief over the names of *Mr. M. Morehead* and *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The indorsement of defendants was without qualification, and, therefore, in the regular course of

business, they are liable unless the note had been previously paid or otherwise satisfied: Section 5899, L. O. L. Payment being an affirmative defense, it was incumbent upon the defendants to prove such defense by the preponderance of the evidence: *Willis* v. *Holmes,* 28 Or. 265 (42 Pac. 989). While there is some respectable evidence tending to show that the purchase of the property was made for plaintiff's benefit and with the understanding that the mortgages upon the property were to be extinguished thereby, we are of the opinion that the weight of testimony is to the effect that the property was bought by Emma B. Thompson with her own money and for her own benefit; and, this being the case, it follows that defendants' affirmative defense is not established, and the plaintiff is entitled to recover.

3. Error is assigned by reason of the ruling of the court excluding certain testimony offered by defendants, but, as no offer was made to have the testimony taken and incorporated in the record subject to the objection of defendants, under the rule announced in *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135), they are precluded from urging the objection on appeal.

The decree is affirmed.

Affirmed.    Rehearing Denied.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice Benson concur.

Denied November 16, 1915.

On Petition for Rehearing.

(152 Pac. 497.)

Department 1. Mr. Justice Burnett delivered the opinion of the court.

4. The defendants Harding, who appealed, were indorsers of the note named in the mortgage foreclosed in this suit. They contend that the sale of the mortgaged premises by the administrator of the deceased maker of the note discharged the principal debtor, and consequently released the indorsers, who were only secondarily liable. They endeavor to work out this result exonerating the maker through some correspondence between the attorney for the estate and the attorney for the plaintiff written prior to the sale, which they say proves that its terms included the assumption by the purchaser of the payment of the note and mortgage involved in this suit. Nothing can be derived from this correspondence beyond negotiation. Except the indorsement of the defendants on the note, no writing appears in evidence signed by anyone agreeing to assume or pay the debt of Stovin, the maker of the note. It is not disclosed that the administrator's deed which is the culmination of the transaction, and in which all previous bargaining is merged, contains any covenant by the grantee or condition imposed upon her looking to the payment of the indebtedness. In short, the legal effect of the transaction was to convey to Emma B. Thompson the equity of redemption remaining in the estate of the deceased maker of the note. While this might exhaust the estate of Stovin, it did not discharge it. It results in a situation where

the indorsers must assume their secondary liability. It is a fallacy, then, to argue that the maker was released, and hence that they were discharged.

The petition for rehearing is denied.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.