Argued January 11, reversed and remanded February 20, 1963

# HOWES *v.* SHERLOCK ET AL

378 P. 2d 713

*Malcolm J. Montague,* Portland, argued the cause for appellant. With him on the briefs were Williams, Montague, Stark & Thorpe, Portland, and Fitzwater, Fitzwater & Andrews, Portland.

*George P. Winslow,* Tillamook, argued the cause for respondents Everett R. Phipps and Helena S. Phipps. On the brief were Winslow & Winslow.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is a suit to foreclose a land sale contract and to quiet plaintiff's title. Defendants, Everett and Helena Phipps, cross-complained asserting a superior title and prayed for a partition or foreclosure. Plaintiff appeals from a decree awarding the defendants Phipps a one-fourth interest in the land sale contract, establishing an equitable lien on the property, and ordering foreclosure.

The question presented is one of pleading and procedure arising out of the following facts. On September 13, 1960 plaintiff entered into a land sale contract whereby she agreed to sell and defendant, John M. Sherlock, agreed to purchase certain real and personal property at a price of $45,170.00. Contemporaneously with the execution of the contract plaintiff executed an assignment of a one-fourth interest in the contract to defendants, Everett and Helena Phipps. Defendant Sherlock made only one payment of $2,000 on the contract. Phipps received one-fourth of that amount.

Plaintiff brought suit to foreclose the contract. The complaint contained the following allegation:

"* * * That on or about the 13th day of September, 1960, plaintiff executed and delivered to defendants Everett R. Phipps and Helena S. Phipps an assignment of contract. That a copy of said assignment is hereto attached, and marked 'Exhibit B' and by this reference thereto made a part of this complaint as fully and completely as though set out in full herein.

"That said assignment among other things provides that said assignees by virtue of said assignment shall have one-fourth (¼) interest in and to the contract hereinabove stated and marked as 'Exhibit A.' That such right, title or interest of Everett R. Phipps and Helena S. Phipps is inferior and subordinate to the right of plaintiff."

The prayer of the complaint is that the interest of the defendants be foreclosed and that plaintiff's title be quieted against all the defendants. The pertinent parts of the assignment to the Phipps read as follows:

"IN CONSIDERATION of Ten and No/100ths —($10.00) Dollars to me in hand paid, the receipt whereof is hereby acknowledged I hereby assign, sell, transfer and set over unto EVERETT R. PHIPPS and HELENA S. PHIPPS, husband and wife, or the survivor thereof, their heirs and assigns, one-fourth (¼) interest in and to that certain written Contract of Sale and in and to all moneys due or to become due thereon, * * * [describing the contract]. There is now due and owing upon said contract the sum of $45,170.00."

Defendants Phipps filed an answer and cross-complaint which contained the following allegation:

"That defendants, Everett R. Phipps and Helena S. Phipps, rendered and furnished valuable services to the plaintiff at plaintiff's special in-

stance and request and that as a direct result thereof, plaintiff became indebted to said defendants; that the agreed and reasonable value was and is $11,292.50; that as a direct result of said indebtedness and as security for said debt, plaintiff assigned, transferred for valuable consideration, to said defendants an undivided one-fourth (¼) interest in that heretofore described real property, personal property, goodwill, business and contract of sale and the right to collect money and distribute the same in regard to the sale of said property and business; that $2,000 was collected and $1500 was distributed to plaintiff and $500 to defendants."

Plaintiff filed her reply generally denying the allegations in the answer and cross-complaint.

In his opening statement, Mr. Fitzwater, attorney for plaintiff, explained the theory of plaintiff's case as it related to defendants Phipps, as follows: "We contend that they [Phipps] had a right to a one-fourth interest in moneys to be received and once the purchasers failed to make their payments under the contract that there were no more rights in the contract as to Phipps. * * * It is our theory the contract is a personal property right, and the assignment passes a personal property right only. It doesn't pass any vested interest in the property. If that was such, it would have been—there would have been a deed to one-fourth interest, or whatever percentage there would have been. Passing by assignment, it passes the personal property rights to the moneys to be received, moneys due under the contract, and only that."

From defendants' opening statement it appears that the assignment was made to the Phipps for services performed by Mr. Phipps in negotiating the sale of the property. Counsel put it this way: "And as a

result of his [Mr. Phipps] labors, and so forth, he was to be compensated and secured."

In the presentation of plaintiff's case in chief counsel asked plaintiff to explain the circumstances attending the execution of the assignment to Phipps. The court sustained an objection to this evidence on the ground that plaintiff needed only to prove the execution and default of the contract and that the circumstances under which the assignment was executed could not be put in evidence as a part of plaintiff's case in chief. Defendants again objected when plaintiff questioned the attorney who had drafted the contract and assignment as to the discussion which took place at the time of the execution of the documents. The objection was sustained. The following colloquy discloses the basis for the court's ruling and counsel's explanation for offering the evidence:

"THE COURT: The objection will be sustained. You see, the point is, Counsel, I know what you have in mind and what you want to do, or try to do, but under the pleadings we can't go behind the instruments themselves.

"MR. FITZWATER: Your Honor, my attempt isn't to vary the instrument. It's the intent behind what the instrument was, is my contention. I'm trying to show to the Court what that intent was behind these instruments. That is the essence of the case, whether it's a mortgage—any type instrument—whether it's for security or what.

"THE COURT: But under these pleadings there isn't anything pled here—

"MR. FITZWATER: Well, the defendants set up their one-fourth interest in the property and by so denying that, it's my thought that we bring out the fact that they do not have a right to that, whether it be on a legal basis or the actual intent behind the instrument, or what.

"I would like to offer proof here of the intent

behind the instrument; bring it in. If it's necessary to tie them in at a later date, I would do it.

"THE COURT: At the very least, this would be anticipatory, you see, of the defense. It wouldn't be a proper part of your case in chief. And, actually, it may not ever be admissible, under the pleadings. I would have to sustain the objection to any attempt to put on evidence as to what led up to the execution of these instruments, or what the parties had in mind when they signed them, because the instruments speak for themselves, and under the present state of the pleadings I can't go behind the instruments.

"MR. FITZWATER: I have no further questions."

Plaintiff called Mr. Phipps as a witness and asked him to "explain to the Court the amount of money, and to whom you paid, or for what services, or on what pretense do you claim a debt is owed to you?" An objection to this evidence was sustained on the ground that it was defendants' burden to prove that services were rendered by him and that, therefore, the question was "anticipatory" and not a part of plaintiff's case in chief. When plaintiff rested, defendants offered no evidence and rested their case. Plaintiff then sought to call witnesses to explain the purpose of the assignment. The court refused to permit him to do so.

■■ As a result of the foregoing rulings by the trial court plaintiff was never able to present evidence supporting her theory of the case. Plaintiff conceded that an assignment was made to defendants Phipps. She contends that the assignment was not absolute but was for security purposes only. The defendants' answer and cross-complaint alleges that defendants' claim is for "valuable services" the reasonable value of which was $11,292.50 and that the assignment was "security for said debt." Plaintiff's reply put in issue

the question of whether the services were rendered, and whether their reasonable value was $11,292.50. Defendants put on no evidence to establish these essential elements of their claim. The fact that the assignment was absolute in form did not preclude plaintiff from explaining the purpose for which it was given. A deed or any other instrument purporting to assign an interest, although absolute in form, may be shown in equity to have been given as security only.[1] The fact that plaintiff alleged in her complaint that the assignment was made does not prevent her from showing that the assignment was made for security purposes only. Her complaint alleges that the interest claimed by the Phipps' "is inferior and subordinate to the right of the plaintiff." This is the standard allegation found in suits to quiet title. The fact that the complaint also described the origin of the adverse claim by reciting the instrument through which the claim is asserted constitutes neither an admission that the claim is valid nor that the instrument recited has a particular legal effect. Plaintiff may show that it was to serve only as security for a debt. Or plaintiff may show that the assignment of the one-fourth interest in the contract and "in and to all moneys due or to become due thereon" was understood by the parties to create in the assignee the right to receive moneys paid on the contract only if the contract remained alive.

[1] E.g., Blue River Sawmills Ltd. v. Gates, 225 Or 439, 358 P2d 239 (1960) (deed to land); Stotts v. Johnson and Marshall, 192 Or 403, 234 P2d 1059, 235 P2d 560 (1951) (bill of sale for tractor); Murray v. Wiley, 169 Or 381, 127 P2d 112, 129 P2d 66 (1942) (deed to land); Barber v. Motor Investment Co., 136 Or 361, 298 P 216 (1931) (bill of sale for household goods and furniture); Zimmerle v. Childers, 67 Or 465, 136 P 349 (1913) (bill of sale for hogs and hay). Cases are collected in Annot., 33 ALR2d 364, 369 et seq (1954) and Osborne, Mortgages 178, n. 26 (1951).

Defendants contend that plaintiff should have made a request to the trial court to present the proffered evidence under the equity rule and, not having done so, waived any error which the court may have committed in excluding the evidence.[2] Plaintiff's remissness in this regard does not aid defendants. Plaintiff's complaint contained an allegation that the interest claimed by defendants was "inferior and subordinate to the right of plaintiff." In their answer and cross-complaint defendants responded to plaintiff's allegation by asserting that the one-fourth interest in the contract was assigned as security for a debt arising out of services performed for plaintiff. But defendants offered no evidence to prove the debt or to establish the amount that was owed to them. Without such proof that part of the court's decree awarding defendants a lien for $10,792.50 was without any foundation.

Defendants contend that plaintiff's reply denying the allegations of the answer and cross-complaint now precludes plaintiff from treating the defendants' pleading as a judicial admission that the assignment was for security purposes. We construe the reply as denying the existence of a debt with or without security. This put at issue the existence of a debt. Since there was no evidence to support the existence, there could be no basis for a decree imposing a lien upon the land. The issue which the plaintiff attempted to try and which defendants refused to try was never litigated. The cause must be remanded for a new trial.

Reversed and remanded.

---

[2] See, ORS 17.045; Sutherlin v. Bloomer, 50 Or 398, 93 P 135 (1907); Peterson v. Thompson, 78 Or 158, 151 P 721, 152 P 497 (1915).